Climax Molybdenum Company and Pennsylvania Manufacturers' Association Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Steven Chuburko, Appellees.

Argued May 10, 1974, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

544

*Harold V. Fergus, Jr.,* with him *Fergus, Martin and Fergus,* for appellants.

*John L. Livingston,* with him *Kenneth J. Yablonski* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., August 2, 1974:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (Board) which reversed a Referee's determination which terminated a compensation agreement and ordered a suspension of the agreement.

On February 16, 1972, Steve Chuburko (Claimant) as a result of a compensable accident at work sustained a hernia. By agreement, Claimant was paid compensation Sixty Dollars ($60.00) weekly up to and including the week of April 22, 1972. On May 8, 1972, Claimant's employer, Climax Molybdenum Company (Appellant) filed a Petition for Termination. At the hearing, Claimant testified that he had returned to work on April 23, 1972, receiving wages equal to or in excess of what he had made prior to his injury. Dr. Karl C. Randall, II, the operating physician, testified by deposition that in effect Claimant suffered no residual disability as a result of the accident. The Referee *terminated* compensation as of April 23, 1972. The Board reversed the decision of the Referee and ordered compensation *suspended effective April 23, 1972.*

The Board's decision is now before us on appeal.

In a workmen's compensation case, on review by the Commonwealth Court of Pennsylvania we are limited in scope to a determination of whether constitutional rights have been violated, an error of law committed or a necessary findings of fact was unsupported by the substantial evidence, and, where the Workmen's Compensation Appeal Board has taken no additional evidence, the Court must rely on the facts found by the Referee if supported by sufficient competent evidence. The questions of credibility are for the Referee to decide. *Mary Malocheski v. Consolidated Cigar Corporation,* 12 Pa. Commonwealth Ct. 430, 316 A. 2d 81 (1974).

An employer petitioning to terminate a workmen's compensation agreement has the burden of proving that the disability of the employe resulting from the compensable injury has ceased and that the employe is no longer entitled to benefits. *Patterson v. Lenart,* 9 Pa. Commonwealth Ct. 116, 305 A. 2d 778 (1973).

Appellant's undisputed evidence consisted of testimony of the attending physician who dismissed residual disability and in the same breath asserted that Claimant was able to function as before the accident, including the handling and lifting of heavy objects. Relying on this unrebutted testimony, the Referee properly determined that Appellant had met and carried its burden and that compensation should be terminated. In reversing the Referee, the Board stated that Appellant "has not sustained its burden of proof and that Claimant has suffered a loss of earning power . . . ." The Board erred.

In *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), this Court, in interpreting relatively recent changes in the Workmen's Compensation Act, pointed out that when the Referee makes a finding supported by competent evidence, that fact is binding upon the Board provided of course, it fails to hear additional evidence.

546

In the case before us now, the Referee found that Claimant had fully recovered from his injury and that he had suffered no residual disability or was otherwise incapacitated. These findings are supported by competent evidence and are binding upon the Board. Since the Referee properly determined from the testimony that there was no disability and that Claimant had returned to work at wages equal to those which he was paid prior to his injury, the Board obviously erred in holding that Appellee failed to sustain its burden of showing Claimant had suffered no *"loss of earning power." See Ede v. Ruhe Motor Corporation,* 184 Pa. Superior Ct. 603, 136 A. 2d 151 (1957).

## ORDER

AND NOW, this 2nd day of August, 1974, the Order of the Workmen's Compensation Appeal Board dated April 26, 1973, is reversed and compensation is terminated effective April 23, 1972.