James C. McDowell, Appellant, *v.* Workmen's Compensation Appeal Board and Humble Oil & Refining Company, Appellees.

116

Submitted on briefs July 31, 1974, to Judges WIL-
KINSON, JR., MENCER and ROGERS, sitting as a panel of
three.

*Alan Epstein,* with him *Freedman, Borowsky and
Lorry,* for appellant.

*David L. Pennington,* with him *James N. Diefender-
fer* and *Harvey, Pennington, Herting & Renneisen, Ltd.,*
for appellees.

OPINION BY JUDGE WILKINSON, JR., September 10,
1974:

The question before us for decision arose when a
petition for reinstatement of a compensation agreement
was timely filed by claimant-appellant. The referee
found in favor of claimant-appellant, set aside the final
receipt and awarded additional compensation at $60.00
a week from August 16, 1970 to November 24, 1970, with
interest at 6%. On appeal, the Workmen's Compensa-

tion Appeal Board reversed the findings of fact, conclusions of law, and award of the referee and dismissed the petition for reinstatement. This appeal by claimant-appellant followed.

The narrow question for decision is whether the referee had before him sufficient competent evidence upon which he could find that claimant-appellant had met his burden of proving the causal relationship between the accident and the disability and for the determination that the disability existed prior to September 21, 1970. If claimant-appellant did produce sufficient competent evidence to carry his burden, then under the doctrine of *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), as further developed in *Kimbob Corp. v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 92, 315 A. 2d 304 (1974), since the Board did not receive any additional evidence, then the Board was without authority to reverse the referee's findings of fact. We find that the claimant-appellant did produce sufficient competent evidence to carry his burden and justify the referee making the findings he made and, therefore, we must reverse the decision and order of the Board.

Claimant-appellant testified that at the time of the accident he fell approximately 12 feet, landing first "on my leg then came down and landed on my backside and then flat on my back." Dr. Sidney N. Zubrow, a duly qualified, board certified, internist, specializing in diagnosis, **testified that the pilonidal cyst that** caused claimant-appellant's disability could be caused or aggravated by the fall as described. The reports of Dr. C. L. Blakey and Dr. Charles R. Henry, both of whom treated the pilonidal cyst, connected the fall with the development of the cyst. Employer-appellee did not offer any evidence to challenge or contradict this evidence.

With regard to the date of August 16, 1970, being the date when the disability was reinstated by the referee, claimant-appellant testified quite clearly that it was on this date that his employment with employer-appellee was terminated because he was not able to work regularly and his sick benefits had run out. This evidence was uncontradicted.

A careful reading of the testimony of claimant-appellant, and the entire record, not only convinces us that the referee was justified in finding that the claimant-appellant has met his burden of proof, indeed, it might very well have been a capricious disregard of competent evidence for the referee to have found otherwise.

Accordingly, we enter the following

### ORDER

Now, September 10, 1974, the order of the Workmen's Compensation Appeal Board, dated January 24, 1974, is reversed and the order of the referee, dated February 13, 1973, is reinstated and the final receipt signed by claimant is set aside, additional compensation is awarded and the defendant, Humble Oil and Refining Company, hereby ordered and directed to pay to the claimant, James C. McDowell, compensation for recurring total disability at the rate of $60.00 per week, beginning August 16, 1970, and continuing thereafter up to but not including November 24, 1970, together with interest at the rate of six (6%) percent per annum on all deferred amounts of compensation payable hereunder. It is also ordered and directed that upon the payment of all compensation pursuant hereto, all compensation hereunder and under the agreement for compensation between the parties is hereby terminated effective November 24, 1970.