Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Henry E. Barnes *v.* International Furnace Corp. and Travelers Insurance Company, Insurance Carrier, Appellants.

Argued September 12, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*James P. Lay, III,* with him *Gifford & Lay,* for appellant.

*John C. Reed,* with him *Harvey E. Moore, Routman, Moore, Goldstone and Valentino,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., October 22, 1975:

This is an appeal by International Furnace Corporation (Employer) from a decision and order of the Workmen's Compensation Appeal Board which reversed a decision of the referee granting Employer's Termination Petition. Henry E. Barnes (Claimant) injured his back on October 18, 1962, while in the course of his employment with Employer. The referee determined that Claimant was totally disabled as a result of the back injury and awarded him compensation. On March 24, 1969, Em-

ployer filed a petition seeking to terminate the compensation as of May 26, 1964, alleging that Claimant was no longer disabled or unable to work as a result of the 1962 injury. The referee granted the termination petition effective March 3, 1969 and Claimant appealed to the Workmen's Compensation Appeal Board. The Board reversed the decision of the referee and made its own findings of fact and conclusions of law and ordered Employer to resume compensation. Hence this appeal. We reverse.

The issue raised on appeal is the propriety of the action of the Workmen's Compensation Appeal Board in making an independent and dispositive finding of fact contrary to that of the referee *where no additional evidence was taken by the Appeal Board.*

At the hearing before the referee on the termination petition, Dr. Reed,[1] Empolyer's medical expert, testified that in each of two examinations, he diagnosed Claimant as having both a congenital defect in his spine and a contusion and low back sprain which were related to the 1962 accident. Dr. Reed further testified that there was no longer any residual effect upon Claimant's back from the 1962 accident and that any continuing inability of Claimant to work was not due to his 1962 accident.

Dr. Likens, Claimant's medical expert, who had been consulted by Claimant at the time of the 1962 accident, and who had treated Claimant twice a week from that time until April 24, 1971, testified that there has been no change or improvement in Claimant's condition. It was Dr. Likens' opinion that Claimant's continuing total disability was related to the 1962 injury. Dr. Likens based his opinion upon the fact that he had not treated Claimant prior to the 1962 accident.

--------

1. Although the referee's Finding of Fact Four indicates that Dr. Reed is an orthopedic surgeon, Dr. Reed himself stated that he is not an orthopedic surgeon, but rather, an internal medicine specialist (Record, p. 36a).

The referee found as a fact that Dr. Likens' medical testimony was not of the quality required to establish total disability and the relation of the disability to a compensable injury. The referee apparently found the testimony of Dr. Reed more credible. Therefore, the conclusion of law reached by the referee was that the burden of showing a cessation of all disability resulting from the 1962 accident had been met. Accordingly, the termination petition was granted.

On appeal, the Appeal Board entered its own findings of fact which differed in material part from that of the referee. The Appeal Board found as a fact that the Employer did not present medical testimony which clearly showed a change in Claimant's condition indicating a cessation of disability. The Board, therefore, concluded that Employer had not met its burden of proof of cessation of disability.

In a termination petition, the burden is upon the employer to prove that the disability has ceased or that any disability suffered is no longer a product of a compensable injury. *Climax Molybdenum Co. v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 543, 323 A.2d 408 (1974); *Tioga Textiles Associates, Inc. v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 492, 319 A.2d 211 (1974).

This Court has often held that under the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq. the ultimate fact-finding role is in the referee and not the Appeal Board unless the Appeal Board hears new evidence. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Therefore, as long as there is *competent* evidence the Board may not disregard the findings of fact of the referee. *Universal Cyclops v. Krawczynski, supra; Harrisburg Housing Authority v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 413, 322 A.2d

753 (1974); *Ray-O-Vac Co. v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 47, 321 A.2d 731 (1974).

It is the function of the referee to determine the *credibility* and *weight* to be given medical testimony, *Ray-O-Vac v. Workmen's Compensation Appeal Board, supra,* and there is no legal requirement which precludes the referee from accepting the testimony of one competent medical expert and rejecting contrary testimony of another equally competent expert, *Servomation Corp. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 199, 325 A.2d 344 (1974).

We hold, therefore, that the Appeal Board committed error in vacating the referee's Fourth Finding of Fact without taking additional evidence. The Appeal Board also erred in rejecting Employer's medical testimony and accepting that of Claimant on the issue of continuing disability. *See Workmen's Compensation Appeal Board v. Mifflin-Juniata State Health Foundation,* 19 Pa. Commonwealth Ct. 133, 338 A.2d 691 (1975).

Claimant asserts that the Appeal Board was, in reality, correcting an error of law by the referee and was merely substituting its own *legal* conclusions despite the fact that the Board's opinion clearly denominates their findings as factual rather than legal. A similar argument was sustained by this Court in *Workmen's Compensation Appeal Board v. H. P. Foley Co.,* 18 Pa. Commonwealth Ct. 540, 336 A.2d 892 (1975). In *Foley,* as in the instant case, an employer's termination petition was in issue. The referee, however, failed to make findings of fact and a conclusion of law on the issue of the availability of other work. The Appeal Board made its own findings of fact on that issue without taking additional evidence. There we held that this was a proper exercise of the Board's power to review errors of law. We find *Foley* inapposite to the instant case. There the referee failed to make mandatory findings of fact. In failing to do so, he

committed an error of law. Here the referee has made the required findings. The Board in the instant case is merely attempting to substitute its own interpretation of the record for that of the referee. We have repeatedly held that unless the Legislature directs otherwise, the Board may not make its own judgments as to sufficiency or credibility of the evidence. Accordingly, we reverse the order of the Workmen's Compensation Appeal Board and enter the following

ORDER

AND NOW, this 22nd day of October, 1975, the order of the referee granting Termination Petition No. 143,660 effective March 3, 1969 is hereby reinstated and the order of the Workmen's Compensation Appeal Board directing the resumption of compensation is hereby reversed.