Nellie G. Shoup *v.* The Allegheny Lutheran Home. Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania. Nellie G. Shoup, Appellant.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*T. Dean Lower,* for appellant.

*James S. Routch,* with him *Patterson, Evey, Routch, Black & Behrens,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 16, 1976:

The sole question in the appeal of Nellie G. Shoup (Claimant) from an order of the Workmen's Compensation Appeal Board granting her employer, The Allegheny Lutheran Home's, petition to terminate compensation as of January 1, 1975, is whether there existed substantial evidence upon which to base a finding that disability as a result of her February 1, 1974, injury had ceased. Our review of the record reveals that there does exist substantial evidence and we, therefore, affirm.

Clearly, it was the employer's burden to prove a termination of Claimant's disability, *Workmen's Compensation Appeal Board v. International Furnace,* 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975), and since the employer in fact shouldered that burden below, our review is to determine whether constitutional rights were violated, an error of law was committed, or to make certain that necessary findings of fact were supported by substantial evidence. *Workmen's Compensation Appeal Board v. Young,* 18 Pa. Commonwealth Ct. 515, 336 A.2d 665 (1975).

We have defined substantial evidence on numerous occasions as evidence upon which a reasonable mind might accept as adequate to support a conclusion,

*Columbus Service International v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 441, 333 A.2d 233 (1975), and it is unquestionably within the province of the referee to determine credibility of conflicting testimony as to the nature and extent of present disability.

We need not detail testimony of record which Claimant argues supports a factual conclusion other than that reached by the referee, for our review is simply to establish if the finding of termination of disability can be substantiated by substantial evidence or record.

. Capsulizing, the testimony of Dr. Hayford, the employer's medical expert, was competent as well as substantial in support of a finding of termination. It is unnecessary to review it in detail for purposes of this opinion. Substantial evidence is of record and we must

ORDER

AND Now, this 16th day of July, 1976, the order of the Workmen's Compensation Appeal Board is hereby affirmed.