Penzoil United, Inc. and Aetna Casualty & Surety Company, Appellants *v.* Fred J. Mitchell and Workmen's Compensation Appeal Board, Appellees.

Argued September 13, 1976, before Judges CRUM-LISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*James F. Manley,* with him *Robert C. Little,* and *Burns, Manley & Little,* for appellants.

*James R. Miller,* with him *Dickie, McCamey & Chilcote,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., November 16, 1976:

This is an appeal by Penzoil United, Inc. (Penzoil) and Aetna Casualty & Surety Company (Aetna) from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to reinstate a compensation agreement of 1967 with Fred J. Mitchell (Claimant).

Claimant injured his back in the course of his employment with Penzoil on September 9, 1967, while lifting a garage door. As a result of this injury which necessitated surgery on October 6, 1967, Claimant and Penzoil entered into a compensation agreement effective September 25, 1967. Following a recuperative period, Claimant returned to his regular work on April 2, 1968. He signed a final receipt on April 10, 1968.

Claimant suffered a second injury while in the course of his employment on January 9, 1969. It is clear from the record that this second injury has no bearing on the disposition of this appeal. Claimant returned to work on February 5, 1969 and continued at his regular job until February 23, 1970. Then Claimant, while shoveling frozen ground, suffered an injury (in the course of his employment) which has caused total disability to the present.

Claimant thereafter filed two reinstatement petitions alleging in each that the injury of February 23, 1970, was a recurrence of either the original injury of September, 1967 or January, 1969. We make it clear that only the former petition is now before us.

In his initial decision of November 27, 1972, the referee concluded that Claimant had met his burden of proving a recurrence of disability as a result of his 1967 injury, and ordered the 1967 compensation agreement reinstated. Subsequent to affirmation by the Board, certain procedural matters necessitated a remand to the referee for further hearings. This second hearing also resulted in the reinstatement of the 1967 compensation agreement. Again, the referee was affirmed by the Board. An appeal was taken to us.

It is well settled in a workmen's compensation case that where the party with the burden of proof prevails before the workmen's compensation authorities, as here, review by this Court is limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence, and it is not for this Court to resolve conflicts in testimony or judge the credibility of witnesses. *Workmen's Compensation Appeal Board v. Western Packers, Inc.*, 22 Pa. Commonwealth Ct. 598, 350 A.2d 194 (1976). Further, determinations as to credibility and the choice

between conflicting competent medical testimony are within the province of the referee and not the Board or this Court. *Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976).

Appellants contend that the referee's finding of a recurrence of disability from an accident on September 9, 1967, is not supported by substantial competent evidence. It is appropriate and indeed proper that a referee accept the testimony of one competent medical expert and reject contrary testimony of an equally competent expert. *Workmen's Compensation Appeal Board v. International Furnace Corp.,* 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975). It is apparent from the record that this is precisely what the referee did in finding as a fact that Claimant suffered a recurrence of his September 9, 1967 injury. Dr. Hadlock, Claimant's medical expert, repeatedly opined that Claimant's disability was the direct result of his injury in 1967. Based upon this testimony, we cannot say that the referee's decision was improper. Rather, substantial competent medical testimony (Dr. Hadlock's qualifications were not in question) exists to support the referee's decision. He was free to reject the contrary testimony of Claimant's medical expert. Therefore, we shall not disturb this finding on appeal. *Shoup v. Allegheny Lutheran Home,* 25 Pa. Commonwealth Ct. 528, 360 A.2d 278 (1976).

Turning to Appellant's contention that an error of law was committed by the Board in upholding the referee's determination of a recurrence, we hold that since substantial evidence exists to support a finding of a recurrence by the referee, that is, in and of itself, sufficient as a matter of law to uphold the Board's affirmation of the referee's finding.

We therefore

#### ORDER

AND Now, this 16th day of November, 1976, the order of the Workmen's Compensation Appeal Board, No. A-69850, is affirmed and the appeal is hereby dismissed.