Alma Dudnick, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Hansen-Young Paper Corp., Respondents.

Argued February 8, 1979, before Judges WILKIN-SON, JR., MENCER and CRAIG, sitting as a panel of three.

*Joseph W. Lonergan*, with him *Arthur L. Jenkins, Jr.*, and *Smith, Aker, Grossman, Hollinger & Jenkins*, for petitioner.

*Martin J. Fallon, Jr.*, for respondents.

OPINION BY JUDGE MENCER, April 30, 1979:

On January 9, 1975, Nathan Dudnick was employed by the Hansen-Young Paper Corporation (employer), and while engaged in inspecting certain machinery he was struck from the rear by a forklift truck and suffered a broken right leg. A compensation claim was filed for the broken leg, and disability benefits were paid to Nathan Dudnick through February 18, 1975, that being the date of his death.

The decedent's widow filed a fatal claim petition seeking dependency benefits, and the issue presented

at the hearing before the referee was whether Nathan Dudnick's death was causally related to the work injury of January 9, 1975.

The claimant presented the deposition of Dr. Rosenberg to meet her burden of proof on the issue of causation, and the employer in defense called as a witness Dr. Uricchio, who testified to a contrary professional opinion from that of Dr. Rosenberg as to whether Nathan Dudnick's death was causally related to his work injury. The referee made the following three critical findings of fact:

5. That in the year of 1956 the Claimant suffered a first myocardial infarction. Further that in March of 1968 the Claimant suffered a second myocardial infarction.

6. That on November 28, 1974 the decedent-employee was admitted to the Phoenixville Hospital where the following diagnoses were made: (1) coronary heart disease; (2) congestive heart failure—acute and chronic secondary to coronary heart disease; (3) hypertension—essential labile; and (4) late latent lues—suspected not proven.

7. That the decedent's death on February 18, 1975 was in no way related to the work-related injury of January 9, 1975. Further that the Referee specifically accepts the opinion of Dr. Uricchio relative to causation. Further that the Referee specifically rejects the testimony of Dr. Frank Rosenberg, M.D., relative to causation.

The claimant, on this appeal, contends that the referee failed to make specific findings of fact and that we should therefore remand so that proper findings can be made. We cannot agree. The referee specifically accepted the opinion of Dr. Uricchio relative to the cause of death. Dr. Uricchio testified that, in his

professional opinion, the cause of Nathan Dudnick's death was a complication of coronary heart disease in the form of a fatal cardiac arrhythmia or acute myocardial infarction. Further, Dr. Uricchio testified that Nathan Dudnick would have developed the medical complications which caused his death, whether or not he had his leg broken, and that his death on February 18, 1975 was not causally related to his work injury of January 9, 1975.

The resolution of the conflict between the medical testimony offered by the claimant and the medical testimony offered by the employer was for the referee. *McIntosh v. Borough of Pleasant Hills,* 25 Pa. Commonwealth Ct. 311, 360 A.2d 273 (1976); *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Claimant further contends that where testimony has been introduced by way of a deposition, the reviewing court on appeal should make an independent judgment as to credibility. We do not agree. Determinations as to credibility and the choice between conflicting competent medical testimony are within the province of the referee and not the Board or this Court. *Penzoil United, Inc. v. Mitchell,* 27 Pa. Commonwealth Ct. 76, 365 A.2d 905 (1976). The Workmen's Compensation Appeal Board cannot substitute its own findings of fact for those of a referee which are, as here, supported by substantial competent evidence. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

Our examination of this record reveals that this case reduces itself to one where the referee as the factfinder considered conflicting medical testimony and made findings of fact which we conclude were specific and adequate, as well as supported by substantial competent evidence. Accordingly, we make the following

ORDER

AND Now, this 30th day of April, 1979, the decision of the Workmen's Compensation Appeal Board, filed January 19, 1978, dismissing the appeal of Alma Dudnick from the referee's order of April 6, 1977, dismissing Fatal Claim Petition No. 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, is hereby affirmed.