Custom Concrete Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Stephen F. Miller, Respondents.

Argued April 9, 1980, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*William H. Fitzgerald,* with him *Donald L. Van Gilder, Butz, Hudders & Tallman,* for petitioner.

No appearance for respondents.

OPINION BY JUDGE MENCER, June 25, 1980:

This is an appeal by Custom Concrete Corporation (employer) from an order of the Workmen's Compensation Appeal Board (Board) reversing an order of the referee below which had terminated compensation benefits to Stephen F. Miller (claimant). We reverse and reinstate the referee's termination of benefits.

Claimant suffered a compensable injury in December 1976 and began receiving compensation benefits. In August 1977, the employer filed a petition for termination or modification, pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§771-774, alleging that claimant (1) was self-employed, (2) had rejected suitable employment, and (3) was uncooperative with the employer's attempt to secure a medical evaluation of claimant. The referee, finding that claimant was no longer disabled, granted employer's petition and terminated compensation benefits as of July 14, 1977. On appeal, the Board concluded that the employer had not met its burden of proving that claimant's disability had ended and consequently reversed the referee. This appeal followed.[1]

---

[1] No brief was filed, nor was oral argument presented on behalf of the claimant, although, leave of court to withdraw his appearance was never granted, pursuant to Pa. R.A.P. 907, to

The employer argues that the Board exceeded its authority when it substituted its own contrary findings for those of the referee. We agree.

Under the doctrine of *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), as further developed through subsequent case law, the Board is without authority to reverse the referee's findings of fact or to substitute its own findings if the party with the burden of proof produces substantial competent evidence to meet its burden. *Dudnick v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 324, 400 A.2d 918 (1979); *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975); *McDowell v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 115, 325 A.2d 346 (1974).

Here, the record is replete with competent evidence presented by the employer, including the testimony of a vocational placement specialist and a private investigator, that claimant was self-employed as a junk dealer, that he had turned down an offer of suitable employment, and that he was capable of performing numerous tasks which were inconsistent with his alleged disability. In addition, the employer submitted the report of Dr. Richard K. White, an orthopedic surgeon, who expressed "considerable misgivings as to the cause, nature, and type of pain which the [claimant] has." Although the claimant presented conflicting medical testimony, the referee, as the ultimate factfinder, resolved the conflict in favor of the employer. This resolution should not have been disturbed by the Board, since it is well

_____

claimant's counsel below. Consequently, we have decided the case on the basis of the brief submitted on behalf of the petitioner, supplemented by our own independent research.

established that "[d]eterminations as to credibility and the choice between conflicting competent medical testimony are within the province of the referee and not the Board or this Court." *Dudnick v. Workmen's Compensation Appeal Board, supra,* 42 Pa. Commonwealth Ct. at 327, 400 A.2d at 919; *Penzoil United, Inc. v. Mitchell,* 27 Pa. Commonwealth Ct. 76, 78-79, 365 A.2d 905, 907 (1976); *Workmen's Compensation Appeal Board v. International Furnace Corp.,* 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975).

Having concluded that the employer presented substantial competent evidence to carry its burden of proving that the claimant's disability had ended, we must conclude that the Board erred when it reversed the referee. *Universal Cyclops Steel Corp. v. Krawczynski, supra.*

Accordingly, we enter the following

ORDER

Now, this 25th day of June, 1980, the order of the Workmen's Compensation Appeal Board, dated April 19, 1979, is hereby reversed, and the decision of the referee, dated August 7, 1978, is hereby reinstated.