Gilberton Coal Company, Petitioner *v.* Workmen's Compensation Appeal Board (Jule Gilfert, Widow of Charles H. Gilfert, Deceased), Respondents.

Argued April 7, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

 

*James E. Pocius, Lenahan & Dempsey,* for petitioner.

*Robert J. Gillespie, Sr., Bigelow, Gillespie and Cooper,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 15, 1983:

Gilberton Coal Company appeals a Workmen's Compensation Appeal Board order affirming a referee's decision awarding the claimant-widow, Jule Gilfert, and her daughter death benefits.

Gilfert's husband, Charles, a former miner for Gilberton, died from a ruptured colon. Gilfert filed a fatal claim petition alleging that death was the result of an occupational disease, anthracosilicosis, which had totally disabled her husband. During the hearings on the petition, the decedent's treating physician, Dr. Benjamin Platt, testified that anthracosilicosis was a "significant contributing factor" in the death, having caused a "chronic stress condition" which led to the perforated colon. The referee found the death to have been caused by anthracosilicosis. The Board reversed, concluding that anthracosilicosis was merely a contributing factor in the death. The Board granted a rehearing. At the rehearing, Dr. Platt reiterated his testimony, this time on the basis of hospital records. The referee found that death was the result of anthracosilicosis and awarded death benefits pursuant to Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act.[1] The Board affirmed.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2).

When the claimant has prevailed below, our scope of review is limited to determining whether there has been an error of law or whether the referee's findings are supported by substantial competent evidence. *Custom Concrete Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 331, 415 A.2d 989 (1980).

Gilberton argues that the Board abused its discretion in ordering a rehearing, contending that there was no new evidence. The Board did not abuse its discretion. The principal purpose for the rehearing was to reconsider the legal conclusions drawn from the evidence. Such a purpose is not an abuse of discretion. *Babcock & Wilcox Construction Co. v. St. John,* 48 Pa. Commonwealth Ct. 1, 408 A.2d 915 (1979).

Alternatively, Gilberton attacks, as unsupported by substantial competent evidence, the referee's finding of a causal connection between the anthracosilicosis and the death. To prevail in a fatal claim petition where the immediate cause of death is non-compensable, a claimant must establish by unequivocal medical evidence that an occupational disease was a substantial, contributing factor in the death. *McCloskey v. Workmen's Compensation Appeal Board,* Pa. , 460 A.2d 237 (1983). Our review of the record indicates that Gilfert met this burden. The referee accepted Dr. Platt's testimony at both the original hearing and the rehearing; this testimony established anthracosilicosis as the *primary* cause of the decedent's colonic ulcer, the perforation of which was the *immediate* cause of death.

Affirmed.

#### Order

The Workmen's Compensation Appeal Board order No. A-80853, dated April 15, 1982, is hereby affirmed.