Lady Jane Collieries, Inc. and Old Republic Companies, Petitioners *v.* Workmen's Compensation Appeal Board (Gill), Respondents.

Argued October 3, 1983, Before President Judge CRUMLISH, JR., and Judges BARRY and BARBIERI, sitting as a panel of three.

*Paul E. Sutter, Hisch, Weise & Tillman,* for petitioners.

*Cynthia Soult, Belin, Belin & Naddeo,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 13, 1984:

Lady Jane Collieries, Inc., and its insurance carrier, Old Republic Companies, appeal a Workmen's Compensation Appeal Board order which affirmed a referee's grant of benefits. We reverse and remand.

During his lifetime, Gill was awarded benefits for total disability due to pneumoconiosis. Gill's widow filed a claim petition to recover statutory expenses, alleging that her husband died as a result of anthracosilicosis. His death certificate stated that the cause of death was cardiac arrest due to myocardial infarction due to arteriosclerotic heart disease and severe emphysema. The Board affirmed the referee's finding that Gill's underlying pre-existing pneumoconiosis was "a cause" of his death.

Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act[1] sets forth requirements a claimant must satisfy in order to receive death benefits.[2] The referee and the Board interpreted this section as allowing benefits where the occupational disease was "a cause" of death. However, in *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983), our Supreme Court determined that, when an occupational disease results in death, Section 301(c)(2) requires that the occupational disease be a "substantial contributing factor" of death.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(2).

[2] Section 301(c)(2) provides in pertinent part:

The terms "injury" "personal injury," and "injury arising in the course of his employment" as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease . . . .

McCloskey was decided while the present case was on appeal before this Court.[3] The Supreme Court, in *Kuchinic v. McCrory*, 422 Pa. 620, 625, 222 A.2d 897, 900 (1966), stated that "a court's interpretation of a statute is considered to have been the law from its enactment date, despite contrary intervening holdings .... In such circumstances, the latest interpretation is applicable to a case whose appeal has not yet been decided."

We therefore reverse the Board and remand for a determination of whether Gill's pneumoconiosis was a "substantial contributing factor" of death.

Reversed and remanded.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-81630 dated July 8, 1982, is hereby reversed and remanded.

Jurisdiction relinquished.

---

[3] *McCloskey* was decided on May 19, 1983, while this case was on appeal to this Court.