Republic Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Zacek et al.), Respondents.

Argued March 16, 1984, before Judges Craig, Barry and Palladino, sitting as a panel of three.

*Linton L. Moyer, Thomson, Rhodes & Grigsby*, for petitioner.

*Daniel D. Harshman*, with him, *Margaret D. Blough*, for respondent, United Mine Workers of America, District No. 5.

Opinion by Judge Craig, June 1, 1984:

Republic Steel Corporation questions the award of death claim benefits to Rose Zacek, widow of Joseph Zacek. Because of our Supreme Court's holding in *McCloskey v. Workmen's Compensation Appeal Board,* Pa. , 460 A.2d 237 (1983), we will vacate the order of the board and remand this case for a fur-

ther hearing, if necessary, and findings on the issue of causation. *Lady Jane Collieries, Inc. v. Workmen's Compensation Appeal Board,* 81 Pa. Commonwealth Ct. 564, A.2d (1984). We will also certify this case for interlocutory appeal to the Supreme Court.

Joseph Zacek was a retired coal miner and the recipient of life-time benefits for disability resulting from coal miner's pneumoconosis. *See Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 74, 407 A.2d 117 (1979). He died on November 26, 1977. The death certificate, certified by his personal family physician, Dr. Andrew J. Cerne, listed coronary occlusion as the immediate cause of Mr. Zacek's death, due to acute myocardial infarction and generalized arteriosclerosis. The doctor listed pulmonary fibrosis, emphysema, and anthracopneumoconiosis under that section of the certificate which called for "OTHER SIGNIFICANT CONDITIONS: contributing to death but not related to the immediate cause given [above]...."

Mrs. Zacek filed a death claim petition on January 6, 1978, alleging that her husband's death resulted from pneumoconiosis. After several hearings, the referee awarded benefits, determining that coal workers' pneumoconiosis was "one of the causes" of Mr. Zacek's death. The board affirmed on the basis that substantial record evidence supported a finding that coal miner's pneumoconiosis was "a significant factor" in Mr. Zacek's death, and that it was "indeed the cause" of his death.

Republic Steel has appealed, contending, among other things, that the referee and the board applied a legally improper standard of causation.

Over six years have elapsed since Mrs. Zacek filed her petition. During that period, our courts have struggled with no less than four tests of causation under section 301(c)(2) of The Pennsylvania Work-

men's Compensation Act,[1] which establishes the requirements which a claimant must meet to receive benefits where, as here, occupational disease is but one cause of death.

In *Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* we declared that the Act required medical evidence to be presented "which establishes that a claimant's death *resulted from* an occupational disease, not simply that the disease was a contributing factor." 37 Pa. Commonwealth Ct. 412, 422, 391 A.2d 14, 19 (1978) (emphasis in original). In subsequent decisions, we declared that a claimant could recover only upon a showing that the occupational disease "in and of itself could have resulted in death." *See, e.g., Hauck v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 554, 408 A.2d 585 (1979).

In *Evon v. Workmen's Compensation Appeal Board* and *Gannon v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 325, 453 A.2d 55 (1982), filed December 10, 1982, we expressly disapproved of such statements and sought to clarify the test by stating:

> Neither Section 301(c)(2) nor any other provision of The Pennsylvania Workmen's Compensation Act requires that the death or disability be solely caused by the occupational disease, or that the occupational disease itself must be the active agency which terminates life or brings about disability. Likewise the statutes do not exclude death as compensable where the occupational disease is the contributory or accelerating cause. The important factor is that there shall be a causal relationship between the disease and the death or disability.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2).

Thus, awarding benefits in *Evon*, we accepted the testimony of a physician who stated that pneumoconiosis "accelerated" the patient's death and in *Gannon*, that the patient's anthraco-silicosis constituted "a contributing factor" in producing the decedent's myocardial infarction.     Pa. Commonwealth Ct. at , 453 A.2d at 57.

On May 19, 1983, our Supreme Court decided *McCloskey v. Workmen's Compensation Appeal Board,* Pa.     , 460 A.2d 237 (1983). According to the view of Mr. Justice McDERMOTT, who authored an opinion which rejected the *Consolidation Coal* standard, the following test should apply in occupational disease cases where the immediate cause of death is non-compensable:

> [W]here there are multiple causes of death and the immediate cause was non-compensable, the requirements of §301(c)(2) may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that *it was a substantial, contributing factor among the secondary causes in bringing about death. Proving merely . . . that the disease was or may have been a contributing factor is inadequate.* (Emphasis added.)

*Id.* at     , 460 A.2d at 241.

Mr. Justice (now Chief Justice) NIX joined Mr. Justice McDERMOTT's opinion; former Chief Justice ROBERTS and Mr. Justice FLAHERTY concurred in the result. Former Chief Justice O'BRIEN and Mr. Justice HUTCHINSON did not participate in the vote. Mr. Justice FLAHERTY filed a separate opinion, voicing support for the more stringent "most significant cause" test adopted in *Crucible Steel v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 415, 442 A.2d 1119 (1982), and rejecting the plurality's "substantial contributing factor" standard, as well as

others, as insufficient to prove causation in §301(c)(2) occupational disease cases.

Mr. Justice LARSEN dissented, stating that he could not subscribe to the "holding that, where an occupational disease exists among the secondary (or nonimmediate) causes of death, the requisite causal connection between death and the disease can only be met by . . . [the substantial, contributing factor test]." Pa. at     , 460 A.2d at 243. Given the remedial nature of the Act, as well as the requirement that courts defer to the expertise of the medical profession and credibility-weighing function of referees, Mr. Justice LARSEN's opinion indicates that he would accept a spectrum of terms as sufficient to establish causation. Mr. Justice LARSEN also believed that sufficient competent evidence existed to meet the "substantial, contributing factor" standard adopted in Justice McDERMOTT's opinion. *Id.* at     , 460 A.2d at 249.

Thus, in *McCloskey,* it appears that a majority of four of the justices—the two for whom Mr. Justice McDERMOTT's opinion spoke, along with the two who concurred in the result—apparently advocated a standard *not less stringent* than the "substantial, contributing factor" test *(more stringent, at least on the part of Mr. Justice FLAHERTY)*; only Justice LARSEN supported a less stringent test, akin to the one which we adopted in *Evon* and *Gannon.* After *McCloskey,* the respective approaches of the same four justices were maintained in *Manuel v. N. L. Industries,*     Pa.     , 466 A.2d 606 (1983) (Justices O'BRIEN, LARSEN and HUTCHINSON not participating) (reargument denied) (award may be upheld if claimant establishes by unequivocal medical evidence that the occupational disease was a substantial secondary factor contributing to death; one factor among several is insufficient).

We have since followed the foregoing import of *McCloskey* in *Gilberton Coal Co. v. Workmen's Com-*

*pensation Appeal Board,* 77 Pa. Commonwealth Ct. 196, 465 A.2d 713 (1983) (significant contributing factor) and in *Lady Jane Collieries, Inc. v. Workmen's Compensation Appeal Board,* 81 Pa. Commonwealth Ct. 564, A.2d (1984). Therefore, the short-lived test expressed in *Evon* and *Gannon* is, by implication, no longer the law of this Commonwealth.

In awarding benefits here, the referee relied upon the testimony of Dr. Cerne, who pertinently stated:

A. In my opinion I feel that the chronic obstructive pulmonary disease which was due to the pneumoconiosis caused a decrease in the amount of oxygen being supplied to the heart, and therefore did cause some decrease from the amount of oxygen going through the coronary vessels feeding the heart muscle.

Q. Would such a decrease in oxygen supply to the heart increase the heart load?

A. Yes, it would.

Q. Would such an increase of the load cause heart strain and possibly death?

A. It could be a contributing factor, yes.

. . . .

Q. Now, doctor, there were several disease processes listed in the Death Certificate, is that correct?

A. Yes.

Q. Can you tell us in your opinion which of these disease processes caused his death?

A. The immediate cause of death was an occlusion of the coronary artery resulting in a heart attack or acute myocardial infarction. This was the instant immediate cause of death. The contributing factor, another causal factor would have been chronic obstructive pulmonary disease which decreased the amount of oxygen going to this gentleman's heart and would have

caused or contributed to his death by myocardial infarction.

On cross-examination, Dr. Cerne stated that arterioscleriosis was the "primary cause" of death.

At the least, Dr. Cerne did not view coal workers' pneumoconiosis as the primary factor contributing to Mr. Zacek's death. However, it is not clear if, by referring to that occupational disease as both "a contributing factor" and "the contributing factor," Dr. Cerne meant to say that coal workers' pneumoconiosis was one of many factors or the "substantial" or "significant" secondary factor contributing to death, as now apparently required by *McCloskey* and its sequel, *Manuel*. Accordingly, we must remand this case for a determination of whether Mr. Zacek's occupational disease was a substantial, contributing factor among the secondary causes in bringing about his death.

As an intermediate appellate court, we are duty-bound to observe a principle established by what we perceive to be the common denominator of judicial guidelines as to causation in the view of a majority of the members of our Supreme Court. We also recognize, however, that causation under section 301(c)(2) has been the subject of a difficult and evolving interpretive process. Because there has not yet been a majority opinion expressly articulating the Supreme Court's current position on the causation standard, and because the various judicial standards have involved possible nuances in medical testimony so subtle that an expert's inadvertence, rather than conscious articulation of opinion, could determine the award or denial of surviving spouse benefits in a potentially significant number of cases pending appeal, we will not only remand for a further hearing, if necessary, and further findings on the issue of causation, but we will also make the certification which constitutes a threshold qualification for permission to appeal an

interlocutory order, subject to the Supreme Court's discretion, in accordance with 42 Pa. C. S. §702(b) and Pa. R.A.P. 1311.[2]

### ORDER

Now, June 1, 1984, the order of the Workmen's Compensation Appeal Board, dated October 14, 1982, No. A-78424, is vacated, and this case is remanded to a referee for further hearing, if necessary, and for further findings on the issue of causation in accordance with the foregoing opinion. In addition, it is hereby certified that this court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that allowance of an immediate appeal from this order may materially advance the ultimate determination of this matter.

Jurisdiction relinquished.

---

[2] Therefore, we do not reach the other issues also raised by Republic Steel in its brief.