[2] As held to be required by *Commonwealth v. Tinson*, 433 Pa. 328, 249 A.2d 549 (1969).

Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Department of Highways *v.* Angelo Vitello, Appellant.

Argued October 31, 1977, before Judges CRUMLISH, JR. and BLATT, sitting as a panel of two.

*Dante G. Bertani,* with him *Bertani, Myers & Makoski,* for appellant.

*John E. Caputo,* Special Assistant Attorney General, with him *Thomas Anton,* Special Assistant Attorney General, and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., December 23, 1977:

Angelo Vitello (Appellant) appeals the decision of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee dismissing his modification petition.

In July, 1965, Appellant sustained a job-related injury and was granted benefits for total disability until April of 1966 when he resumed work. Thereafter,

Appellant applied for and received an award of partial disability commencing December, 1967. This award was paid for the full statutory period. After the expiration of the award for partial disability. Appellant filed a modification petition alleging that total disability had resulted from the July, 1965 injury. Said petition was denied by the referee who found that Appellant had failed to establish that his current disability was caused by the original accident. This adjudication was affirmed by the Board.

Appellant asserts that the decisions of the referee and Board are not supported by competent evidence.

We cannot agree.

It was agreed that Appellant now suffers total disability but, while the doctor who testified on behalf of Appellant believed that the disability was caused by the 1965 injury, the doctor who testified for the employer opined that the disability was caused by other unrelated reasons. Appellant's doctor, although not a specialist, had treated him for the original injury while the employer's doctor, although a specialist in the field in which the injury occurred, had seen Appellant only once. Appellant argues, in effect, that it was improper for the referee to accept the testimony of a doctor who had only examined Appellant once over the testimony of the doctor who had treated Appellant for the original injury.

It is well settled that it is not for this Court to resolve conflicts in testimony or judge the credibility of witnesses. "[D]eterminations as to credibility and the choice between conflicting competent medical testimony are within the province of the referee and not the Board or this Court," *Penzoil United, Inc. v. Mitchell*, 27 Pa. Commonwealth Ct. 76, 78-79, 365 A.2d 905, 907 (1976). The testimony of the employer's doctor was unequivocal as to the course of the current disability. He testified:

He has arthritic symptoms involving many joints which were not injured at the time of the accident. He has had the car accident in 1969 and subsequent, while fishing, has had double pneumonia and heart trouble.

In addition he now appears to have some cerebral-vascular deficiency or a transient loss of memory at times and momentary blackouts. These facts combined with his conditions since are disabling but his overall disability at present is not due to the trauma of 10 years ago.

His testimony also demonstrated that his examination of Appellant had been extensive and thorough.

We also find no merit in Appellant's assertion that the testimony of the doctor was ambiguous. Notwithstanding rigorous cross-examination, the doctor refused to qualify his testimony.

Accordingly, we

ORDER

AND Now, this 23rd day of December, 1977, the decision of the Workmen's Compensation Appeal Board is hereby affirmed.