American Chain and Cable Company, Page Steel & Wire Division and American Mutual Liability Insurance Company, Insurance Carrier, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Alex Kundrick, Respondents.

Argued June 8, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioners.

*Leonard P. Kane, Jr.,* with him *James N. Deifenderfer,* for respondents.

Opinion by Judge Mencer, September 18, 1978:

The claimant in this case, Alex Kundrick, was employed by American Chain and Cable Company (employer) as a "hand trucker," a position which involved heavy lifting. On September 21, 1970, the claimant injured his back while in the course of his employment and, as a result, was absent from work until October 12, 1970. On October 5, 1970, the claimant and the employer entered into an agreement for the payment of total disability benefits. On October 9, 1970, claimant signed a final receipt and, on October 12, 1970, he returned to his former position with no loss of pay. However, the work involved was substantially lighter due to the use of a new mechanical truck rather than a hand truck, and claimant no longer had to do any heavy lifting. Claimant continued to work in this position until the employer's plant closed permanently on November 30, 1972. Claimant was unemployed until November 26, 1973, when he obtained a job as a security guard, a position which involved no physical labor.

On April 24, 1972, claimant filed a petition for reinstatement of compensation agreement, which was subsequently amended to be a petition to set aside final receipt. Therein he alleged that he suffered residual back difficulties from the September 21, 1970 accident, which prevented him from obtaining employment and for which he required additional medical care.[1] The employer denied the existence of any

---

[1] Since the referee's findings indicate that the claimant was still employed at the time he filed his petition in April 1972, the allegation that he was unable to secure employment is difficult to understand. The record suggests that he may have been laid off at the time but was later recalled. In any event, by the time the matter was heard before the referee over two years later, the employer's plant had closed permanently, and the claimant testified as to his difficulties in securing employment thereafter.

residual disability,[2] and the matter was heard before a referee on July 18, 1974. The claimant testified that ever since the 1970 accident he had periodically suffered back trouble which precluded him from doing heavy work. Claimant submitted the report of Dr. Norman Minde, dated August 31, 1973, wherein Dr. Minde opined that claimant was suffering from a chronic lumbar sprain which prevented the claimant from doing heavy work.[3]

On the basis of this evidence, the referee found that, at the time claimant signed the final receipt, all of the claimant's disability had not in fact terminated and that the final receipt should therefore be set aside, pursuant to Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1001. The referee further found that claimant was currently suffering from back trouble related to the 1970 accident and awarded total disability benefits between the time the plant closed and the time the claimant secured a new job and partial disability benefits thereafter.

On appeal, the Workmen's Compensation Appeal Board (Board) remanded the case to the referee be-

[2] The claimant filed a new claim petition at the same time he filed his petition for reinstatement, wherein he alleged that another accident occurred on December 15, 1971, resulting in a "lumbosacral strain with possible disc involvement." Before the referee, however, the claimant elected to withdraw this claim. If it had so desired, the employer could have attempted to show that the claimant's current problems were the result of the 1971 incident and not related to the 1970 accident. Neither party introduced any evidence concerning the 1971 incident, however, and the record in the matter now before us is barren of any evidence concerning the nature of the incident or the extent of the claimant's injuries, if any, which resulted therefrom.

[3] The only evidence offered by the employer was a letter from a doctor who observed no indications of a back injury and concluded that "this man did not have an accident."

cause Dr. Norman Minde's report failed to indicate any relationship between claimant's current problems and the 1970 accident. Upon remand, the claimant was examined by Dr. Eric Minde, who concluded, on the basis of his examination and his review of claimant's medical records, that claimant's current problems were the result of the 1970 accident. Dr. Eric Minde further opined that these difficulties would prevent the claimant from returning to heavy work such as that in which he was engaged when injured. The employer offered no evidence in rebuttal. The referee reaffirmed his earlier findings, the Board affirmed, and this petition for review followed.

As stated by the employer, the issue in this case is whether or not the claimant produced "ample, sufficient, competent testimony to set aside the final receipt." Claimant's own testimony, in conjunction with the medical evidence, particularly the opinions of Dr. Eric Minde, is substantial evidence to support the referee's findings. These findings are therefore conclusive. *See, e.g., Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.*, 22 Pa. Commonwealth Ct. 469, 349 A.2d 793 (1975) (testimony of claimant and his physician sufficient to set aside final receipt); *Maciupa v. Union Switch & Signal,* 13 Pa. Commonwealth Ct. 126, 317 A.2d 901 (1974) (testimony of claimant alone sufficient). The fact that Dr. Eric Minde did not examine the claimant until September 1975 affects only the weight of his testimony, not its competence. *Cf. Workmen's Compensation Appeal Board v. Vitello,* 33 Pa. Commonwealth Ct. 172, 380 A. 2d 1326 (1977) (proper for referee to accept testimony of physician who had examined claimant only once over testimony of treating physician). The employer in its brief sets forth other reasons why Dr. Eric Minde's opinions lacked credibility, and we frankly

are not inclined to accord the same weight to the doctor's testimony as did the referee. However, "[a]s we have so often stated, the weight to be accorded testimony and the inferences to be drawn therefrom are for the referee. This Court will not determine the probative value of testimony even if, on the same record, it might have reached a different result." *Workmen's Compensation Appeal Board v. Baldwin-Lima-Hamilton Corp.*, 24 Pa. Commonwealth Ct. 403, 406, 356 A.2d 375, 377 (1976). Therefore, we cannot hold that the referee erred in deciding that the claimant had met his burden of showing that the final receipt should be set aside.

The claimant's evidence, which was accepted by the referee, established that the claimant was unable, because of his disability, to return to the type of heavy work in which he was engaged when injured. The burden of proof was therefore on the employer to establish that other positions for which the claimant was qualified were available to him. *See, e.g., Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968); *Workmen's Compensation Appeal Board v. Universal Cyclops Specialty Steel Division of Cyclops Corp.*, 20 Pa. Commonwealth Ct. 261, 341 A.2d 223 (1975). Since the employer failed to produce any evidence that work was available to the claimant between the time the plant closed and the time claimant secured a new job, the referee properly awarded total disability benefits for that period. *See, e.g., Workmen's Compensation Appeal Board v. H. P. Foley Co.*, 18 Pa. Commonwealth Ct. 540, 336 A.2d 892 (1975) (total disability benefits properly awarded to 35-40 percent disabled claimant where employer failed to show work was available).[4]

---

[4] Dr. Norman Minde estimated that the claimant was 35 percent disabled.

## ORDER

AND Now, this 18th day of September, 1978, the order of the Workmen's Compensation Appeal Board, dated March 28, 1977, affirming the referee's award, is hereby affirmed. Accordingly, it is hereby directed that the final receipt signed by Alex Kundrick on October 9, 1970, be set aside, and that judgment be entered in favor of Alex Kundrick and against American Chain and Cable Company, Page Steel & Wire Division, and its insurance carrier, American Mutual Liability Insurance Company, in the amount of $60 per week from December 1, 1972 until November 25, 1973, inclusive, and in the amount of $45 per week from November 26, 1973 into the future, not to exceed 350 weeks, until such time as disability changes in nature or extent, together with interest at the rate of 6 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.