Somerset County Commissioners and Pennsylvania National Mutual Casualty Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Walter J. Kountz, Respondents.

Submitted on briefs, February 8, 1979, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Robert G. Rose,* with him *Spence, Custer, Saylor, Wolfe & Rose,* for petitioner.

*Nathaniel A. Barbera,* with him *Samuel D. Clapper,* and *Barbera and Barbera,* for respondent.

OPINION BY JUDGE WILKINSON, JR., March 12, 1979:

This is an appeal by Somerset County Commissioners and its insurance carrier, Pennsylvania National Mutual Casualty Company (employer), of a decision by the Workmen's Compensation Appeal Board (Board) which upheld a decision by the referee granting compensation to Walter J. Kountz (claimant). We affirm.

There are no issues of law involved here. As presented by petitioners and agreed to by respondents the question is whether the medical evidence supports the referee's finding of partial disability from a work-related injury. There is no conflict in medical testimony since the only Doctor testifying was that of claimant. Petitioners offered portions of the medical testimony which, standing alone, present less than the unequivocal medical testimony necessary to establish causation with reasonable medical certainty. In particular, the Doctor testified that he could not say

that claimant could not do heavy work but he certainly would advise against trying. Also, he testified that heavy work would have been ill-advised because of a previous nonwork-related accident. Petitioners argue that this throws out causation from the work-related accident. We disagree. While there was a preexisting back condition which made heavy work dangerous, claimant risked the danger and suffered not one but two compensable accidents as a result. As a result of the work-related accidents he now has had a spinal fusion which makes the risk of further injury if working at his old job much greater.

Judge MENCER in his recent opinion in *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977), a case very similar in its factual issues, ably set forth the principles of law involved here making it unnecessary for us to repeat them.

Viewing, as we must, the entire medical testimony rather than excerpts and taking it in the light most favorable to the claimant who had the burden and prevailed and giving him the benefit of all favorable interpretations and inferences, we cannot hold that the record does not support the finding of the referee, approved by the Board.

Accordingly, we will enter the following

ORDER

AND Now, March 12, 1979, the order of the Workmen's Compensation Appeal Board number A-73169 dated January 19, 1978 is hereby affirmed. It is ordered that judgment be entered in favor of Walter J. Kountz and against Somerset County Commissioners and Pennsylvania National Mutual Casualty Insurance Company in the amount of $85.50 per week from July 28, 1975 through September 25, 1975; and

$85.50 per week from October 21, 1975 and to continue in accordance with the provisions of The Workmen's Compensation Act.

An interest of 10 per cent per annum is assessed on all deferred payments.

Further the employer and or its insurance carrier is ordered to pay medical bills in the amount of $3,887.78.