Stegmaier Brewing Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Braccio Dignani, Respondents.

Argued February 7, 1980, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*William E. Wyatt, Jr.*, with him *Richard G. Fine* and *Edwin A. Abrahamsen,* of *Bialkowski, Fine & Bialkowski,* for petitioner.

*Robert T. Panowicz,* with him *Anthony J. Lupas, Jr.,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., March 26, 1980:

This is an appeal by employer Stegmaier Brewing Company from a decision of the Workmen's Compensation Appeal Board, affirming the Referee's dismissal of the employer's petition to terminate the benefits claimant Braccio Dignani had been receiving under The Pennsylvania Workmen's Compensation Act.[1]

The Referee had found that the claimant remained totally and permanently disabled from performing his former occupation and that there was insufficient proof of other available work within the capabilities of the claimant. Based on these findings, the Referee accordingly concluded that the employer had not met its burden of proving that the disability had terminated. The Board's affirmance of the Referee was without additional evidence.

The claimant, Braccio Dignani, was employed at the Stegmaier Brewing Company in Wilkes-Barre, Pennsylvania, where his duties included working as a clean-up man and lifting and loading beer cases. On

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

November 26, 1970, he suffered an injury to his right knee in the course of his employment. Therefore, he began receiving benefits pursuant to an agreement with his employer, made in July 1971. On April 11, 1977 the employer petitioned to terminate the benefits, on the basis of an affidavit of recovery submitted to the employer by a Dr. Cecil Park, a specialist in orthopedic surgery. Dr. Park had examined the claimant on one occasion and concluded that the claimant could resume his former occupation at the Stegmaier Brewery.

At the hearing on the employer's petition, held on January 19, 1978, the claimant put into evidence the deposition of a Dr. Joseph Cesare, a Board certified orthopedic surgeon. Dr. Cesare examined the 61 year old claimant on two occasions. The doctor's examination disclosed that the claimant had undergone three operations to his right knee, and had a steel pin implanted in it, all due to the work injury. Due to complications caused by the condition of the right knee, the claimant had to have yet another operation, to his left knee. According to Dr. Cesare, the claimant suffered from arthritis in both knees, muscle shrinkage in the right knee, restriction of motion in the right knee, and a grating of that knee cap and its underlying bone, all of which were productive of persistent pain. The doctor testified that these conditions were due to the work injury of 1970.

Based on his examination of the claimant, Dr. Cesare was of the opinion that the claimant was totally and permanently disabled from performing his former occupation. The doctor stated that the claimant could not work in any job that required bending, stooping, heavy lifting, climbing, excessive walking, or laborious effort. Further, according to Dr. Cesare, the claimant could only perform work of a sedentary nature: work involving sitting and only occasional walk-

ing and standing. As to this claimant, the doctor limited walking and standing combined to fifteen minutes for each working hour.

At that same hearing, Dr. Park, the employer's medical witness, repeated his opinion that the claimant had fully recovered and could have returned to his job in March of 1977. Dr. Park qualified his opinion by indicating that the claimant would have to start off with light work and then graduate into heavy work, and added that the claimant would still be troubled by arthritis.

The employer also presented the testimony of a Dr. David Druck, who identified himself as a specialist in job placement for the disabled. The purpose of Dr. Druck's testimony was to prove that there was work available to the claimant even within the limitations set by the claimant's medical witness, Dr. Cesare. According to Dr. Druck, there were four specific jobs available which would fit within the claimant's limitations. These were: (1) front desk clerk at an inn, requiring 40 hours work per week; (2) security guard for a detective agency requiring at least 35 hours per week; (3) security guard at a railroad station, requiring 40 hours per week; and (4) telephone salesman of service contracts for R.C.A.

The Referee found that none of the four jobs fit within the limitations set by Dr. Cesare, in that there was no description that any of them entailed the pattern of standing and sitting which the doctor said the claimant required.

This case reduces itself to a conflict in medical testimony. It is well settled that where there is a conflict of medical opinion, it is for the Referee as fact-finder to determine which is more credible, which is entitled to more weight, and which to adopt. *Malocheski v. Consolidated Cigar Corp.*, 12 Pa. Commonwealth Ct. 430, 316 A.2d 81 (1974). Accordingly, it was clearly with-

in the Referee's province to accept the testimony of claimant's medical witness over that of the employer. As for the testimony of Dr. Druck, the vocational witness, the weight and credibility of it was also for the Referee to gauge. *Reed v. Glidden Co.*, 13 Pa. Commonwealth Ct. 343, 318 A.2d 376 (1974).

In this case, the employer, as petitioner to terminate the claimant's benefits, had the burden of proving that the claimant's disability had ended or had been reduced, or that there was available work the claimant was capable of doing. *Workmen's Compensation Appeal Board v. Pennsylvania School Boards Association*, 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977). The employer's effort to meet that burden was the testimony of Drs. Park and Druck. Simply because the Referee found their testimony to be less satisfactory than the evidence for the claimant does not constitute a capricious disregard of evidence. *Workmen's Compensation Appeal Board v. International Furnace Corp.*, 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975).

The testimony of claimant's medical witness was clearly substantial and competent evidence that the claimant remained disabled. Given the nature of that testimony and the Referee's acceptance of it, it cannot be said that the employer met either of its proof burdens, *i.e.*, that the claimant had recovered or had other work available to him which he was capable of doing. We, therefore, affirm the decision of the Workmen's Compensation Appeal Board in this case.

### Order

And Now, the 26th day of March, 1980, the order of the Workmen's Compensation Appeal Board affirming the Referee's findings of fact, conclusions of law and order, dismissing the petition to terminate benefits, is affirmed.

President Judge Bowman did not participate in the decision in this case.