Container Corporation of America, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ralph Vaughn, Respondents.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Thomas B. Kenworthy, Morgan, Lewis & Bockius,* for petitioner.

*Gerald J. Haas,* for respondent, Ralph Vaughn.

OPINION BY JUDGE MENCER, June 1, 1981:
This is an appeal by the Container Corporation of America (petitioner) from an order of the Workmen's Compensation Appeal Board (Board). The Board's

order affirmed the decision of a referee which dismissed the petitioner's October 5, 1977 petition for termination of disability compensation benefits being paid to Ralph Vaughn (respondent). We affirm.

The facts pertaining to the respondent's work injury are not in dispute. On April 27, 1977 and in the course of his employment, the respondent was backing up a 60-foot tractor-trailer. A front wheel of the tractor struck a concrete embankment, causing the steering wheel to spin unexpectedly. The fifth finger of the respondent's left hand was struck by a spoke of the steering wheel, and he suffered a fracture of the base of the proximal phalanx of that hand. Since May 26, 1977, the respondent has been receiving disability compensation for the injury, at a rate of $199 per week, pursuant to a notice of compensation payable.

At hearings before the referee on the petition, the issue concerned the condition of the respondent's left hand, the extent to which his injury had healed, and his ability to resume his prior employment as a tractor-trailer driver. At a hearing held on January 24, 1978, the petitioner offered the testimony of Dr. John L. Sbarbaro. The respondent testified on his own behalf at a hearing held on September 12, 1978.

Dr. Sbarbaro testified that the respondent had a 45-degree flexion contracture of the proximal interphalangeal joint of the left fifth finger which allowed 30 degrees of motion beyond that point. He stated that the respondent's left fifth finger could not straighten out completely and was only able to come up to 45 degrees and flex down to 85 degrees. The doctor testified that the respondent, in addition to lacking the last 45 degrees of full extension, suffered a restriction of movement in the second, third, and fourth fingers of his left hand which affected the strength of his grip.

In evaluating these restrictions of movement and grip strength, however, Dr. Sbarbaro testified that they did not constitute any form of functional impairment. Moreover, he questioned whether they caused the respondent any pain at all. He opined that the lack of finger flexion was so minimal as to be considered negligible and probably within the limits of normalcy. He testified that the respondent suffered from no functional disability and was fully capable of resuming his prior employment.

The respondent contradicted that medical opinion. He testified that he could neither make a fist nor drive a loaded tractor-trailer because it required a firm grip and the use of both hands. The respondent testified that he had experienced no pain prior to his accident but was now unable to perform simple household chores. He stated that he experienced pain in his left hand and arm each night and in inclement weather, for which he regularly took prescribed medication, applied salve, and bathed his left hand.

On October 5, 1979, the referee made findings of fact and conclusions of law and ordered the petition for termination dismissed. Factually, the referee found, *inter alia,* the following:

4. The referee rejects Dr. Sbarbaro's opinion that Claimant's injured finger had healed sufficiently enough to permit Claimant to return to driving a 60 foot tractor trailer since he predicated that opinion upon the mistaken fact that all such vehicles are equipped with power steering and are as easy to drive as a power steering equipped family car. The referee also rejects Dr. Sbarbaro's opinion that Claimant is able to drive a tractor trailer not equipped with power steering.

5. Defendant has failed to sustain its burden of proving that Claimant's disability has

ceased since the medical evidence shows that Claimant's finger still has a contracture and lacks the last 45 degrees of full extension.

6. Claimant is unable to perform the duties of his previous employment as a tractor trailer operator which included not only driving but also loading and unloading many heavy cartons. Claimant continues to have pain in his left hand and arm, particularly in bad weather, bathes his hand nightly, takes medication for the pain and continues to be treated by a physician.

A timely appeal from the referee's decision was taken by the petitioner to the Board, which sustained its referee without taking further evidence. Thereafter, the petitioner sought review in this Court.

The petitioner contends that (1) the referee's fourth finding of fact is not supported by competent evidence in the record and (2) the referee erroneously rejected the opinion testimony of Dr. Sbarbaro. Several well-established legal principles are germane to the disposition of these contentions.

In a proceeding brought by an employer to terminate workmen's compensation benefits, the employer bears the burden of proving that the former employee's disability has ceased or has been reduced to partial disability and that there is work available the employee is capable of doing. *Stegmaier Brewing Co. v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 241, 412 A.2d 697 (1980); *Atlantic Richfield Co. v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 140, 391 A.2d 1339 (1978).

When the decision of the factfinder is adverse to the party bearing the burden of proof, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or there has been a capricious disregard

of competent evidence; that the referee has rejected conflicting evidence is immaterial to that determination since it is his function to resolve conflicts in testimony. *Repco Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 554, 379 A.2d 1089 (1977).

Capricious disregard of competent evidence in a disability case involves more than mere disbelief of witnesses or other competent evidence; it is a wilful, deliberate disbelief or disregard of testimony or evidence from an apparently trustworthy source which a man of reasonable intelligence could not possibly challenge. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 223, 399 A.2d 444 (1979); *Kuchinski v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 210, 392 A.2d 348 (1978).

In the absence of a capricious disregard of competent evidence, a constitutional violation, or an error of law, factual findings of a workmen's compensation referee are binding upon this Court. *Badaracco v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 321, 409 A.2d 529 (1980).

In a workmen's compensation case, the referee has a critical fact finding role; he alone hears the testimony and observes the witnesses firsthand. In proceedings pertaining to benefits, therefore, it is for the referee to determine the credibility and weight of the evidence. In exercising that broad discretion, he may accept or reject the testimony of any witness in whole or in part. This includes the testimony of expert medical witnesses. It is also within the referee's domain to resolve any conflicts or equivocations in testimony and determine its relative merit. *Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 411 A.2d 1279 (1980).

Moreover, this Court will not judge the probative value of testimony, even if, on the same record, it might reach different results. *American Chain & Cable Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 574, 391 A.2d 50 (1978).

Applying the foregoing principles to the facts of the instant case, we are compelled to reject the petitioner's arguments.

*The referee did not capriciously disregard competent evidence. Competent evidence supports the referee's fourth finding of fact*

In referring to the respondent's ability to drive a tractor-trailer, Dr. Sbarbaro testified, on cross-examination, as follows:

A. ... to get back to your particular question about could he drive a tractor-trailer. I don't see any problem with that. I mean a tractor-trailer is as easy to drive as your family automobile when you have power steering.

Q. You're assuming that the tractor-trailer that he had has power steering?

A. I don't think there's one on the road without it. But even if he didn't, that is a perfectly well functioning hand. It does not, in any way, elicit impaired function.

. . . .

A. ... In response to your statement about driving a truck, it doesn't take much strength in the hand to hold the wheel. ... To go back to my earlier statement, they're extremely easy to drive.

Q. When was the last time you drove a tractor-trailer?

A. This summer.

Q. How large a piece of equipment was it?

A. It was an 18 wheeler. In honesty though, I didn't run it down the highway. I was driving it through a feed lot and it was full of cattle, and I was amazed at how easy that thing could be steered around.

Q. That had power steering?

A. That had power steering.

The respondent later testified that his tractor-trailer did not have power steering nor, to his knowledge, did any of the petitioner's other tractor-trailers have power steering.

It is true that Dr. Sbarbaro qualified his testimony by saying, in effect, that his opinion was not predicated upon the assumption that all tractor-trailers on the road have power steering. This Court, however, is required to examine the entire medical testimony on a given subject, not merely those excerpts one party would have us peruse. Moreover, we are required to view that entire testimony in a light most favorable to the party who prevailed below and give him the benefit of all favorable inferences and interpretations. *Somerset County Commissioners v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 215, 398 A.2d 759 (1979).

The referee did not capriciously disregard Dr. Sbarbaro's qualifying statement. As noted before, the referee is free to accept or reject any part of a witness's testimony. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

The referee did not commit error in disbelieving Dr. Sbarbaro that his opinion was not predicated upon the belief that all tractor-trailers had power steering and are as easy to drive as a family car. It was within the referee's province to make such a determination. Competent evidence in the record sustains the referee's fourth finding of fact.

*It was not error for the referee to reject the expert medical testimony of Dr. Sbarbaro*

In accordance with the previous discussion, it is clear that the referee did not rely upon an unsupported finding of fact as the basis for rejecting competent expert medical testimony. Moreover, the respondent's testimony contradicted that of Dr. Sbarbaro in every pertinent regard. The referee did not commit error when he rejected the doctor's testimony that the respondent was able to drive a tractor-trailer not equipped with power steering.

Counsel for the petitioner cites *Lowery v. Pittsburgh Coal Co.*, 216 Pa. Superior Ct. 362, 268 A.2d 212 (1970), for the proposition that competent and uncontradicted medical opinion testimony should not be rejected by the referee without the advice of an impartial medical expert. Unfortunately, counsel has misunderstood that case. The proposition advanced by counsel is therein cited by the Superior Court as an example of what the law is not. The *Lowery* case makes clear that the finder of fact is not required to accept the testimony of any witness even though that testimony is uncontradicted. Moreover, in the case at bar, the testimony of Dr. Sbarbaro was contradicted by the testimony of the respondent.

Counsel for the petitioner further cites *Lowery v. Pittsburgh Coal Co.*, 427 Pa. 576, 235 A.2d 805 (1967), and *Gladys Supply Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 64, 375 A.2d 401 (1977), for the proposition that competent medical opinion testimony should not be rejected without at least setting forth the reasons for such rejection. In the case at bar, the referee did set forth his reason: the erroneous predicate upon which Dr. Sbarbaro based his opinion. The law does not require a referee to enunciate his reasons for rejecting competent medical opinion. *City of Hazleton v. Workmen's Compen-*

*sation Appeal Board*, 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978).

Considering Dr. Sbarbaro's testimony pertaining to the respondent's lack of digit flexion and the respondent's own testimony, the referee properly determined that the petitioner failed to sustain its burden of proving that the respondent's disability had ceased.

Accordingly, we enter the following

### ORDER

AND Now, this 1st day of June, 1981, the order of the Workmen's Compensation Appeal Board, dated March 31, 1980, affirming a referee's decision dismissing Container Corporation of America's petition for termination and dismissing the appeal of Container Corporation of America, is hereby affirmed.

Judge WILKINSON, JR., did not participate in the decision in this case.