Robert Hulse, Petitioner *v.* Workmen's Compensation Appeal Board (Louis Fiegleman & Company), Respondents.

Argued September 15, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*David I. Fallk,* of *Robert W. Munley, P.C.,* for petitioner.

*James M. Scanlon, Scanlon, Howley & Scanlon,* for respondent, Louis Fiegleman & Company, respondent.

OPINION BY JUDGE WILLIAMS, JR., January 4, 1983:

Robert Hulse (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) terminating benefits under The Pennsylvania Workmen's Compensation Act.[1] The Board's order affirmed a referee's determination that the claimant's work-related disability had ceased.

On August 4, 1975, the claimant was employed as a scrapyard worker by the Louis Fiegleman Company (employer). On that date the claimant, while in the course of his employment, was thrown over a tow motor. As a result of the accident, the claimant suffered a compression fracture of the T-10 vertebra; which injury was superimposed on a preexisting, degenerative, arthritic back condition. At the time of the injury, the claimant was about sixty years old and had worked for the employer more than thirty-nine years.

The claimant's job consisted of cutting scrap metal and loading it onto trucks; both tasks required him to lift heavy objects. However, despite the injury of August 4, 1975, the claimant continued to perform his job until February 25, 1976, when he suffered a laceration of his left hand. The laceration caused him to lose about seven weeks from work, for which he was paid workmen's compensation. The claimant returned to his former duties on April 12, 1976, and continued to work until the end of February 1977. On February 28, 1977, the claimant became unable to work because of back problems; as a result, he was discharged on that date.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1 *et seq.*

On March 8, 1977, the claimant filed a claim petition, alleging that he became disabled as a result of the 1975 back injury. Pursuant to proceedings on that petition, a referee, on March 13, 1978, awarded the claimant total disability benefits effective as of February 28, 1977.

On May 30, 1980, the employer filed a petition to terminate the claimant's benefits, alleging that the claimant's disability from the 1975 back injury had ceased as of May 11, 1980. At the referee's hearing on the employer's petition, the employer presented the report and testimony of Dr. Michael G. Yevitz in support of its allegation. According to Dr. Yevitz, the claimant had, by May 19, 1980, completely recovered from the 1975 back injury and was no longer disabled thereby. Dr. Yevitz had examined the claimant twice, the last time being on May 19, 1980, which was about five months prior to the referee's hearing.[2]

To contradict the employer's medical witness, the claimant presented the testimony of his own physician, Dr. Laszlo Kiraly. Dr. Kiraly testified that, because the 1975 back injury aggravated the claimant's degenerative arthritic condition, the claimant had become incapable of returning to his former type of labor. Dr. Kiraly stated that he had seen the claimant professionally on more than thirty occasions, mostly between 1977 and 1979.

On October 20, 1980, the referee rendered a decision in which he accepted the testimony of the employer's medical witness, Dr. Yevitz. Consequently, the referee granted the employer's petition and terminated the claimant's disability benefits effective as of May 19, 1980. When the Board affirmed the referee's decision, the instant appeal followed.

---

[2] The referee's hearing on the petition to terminate was held on October 2, 1980.

Before this Court, the claimant's first argument is that the referee erred in accepting the testimony of the employer's medical expert over that of the claimant's expert. That argument must fail. In a workmen's compensation case, determinations as to the weight and credibility of conflicting testimony are for the referee to make. *E.g., American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). In that regard, the referee may accept some, none or all of the testimony of any witness. *Id.* Thus, the referee's decision to accept the testimony of one competent medical witness over that of another equally competent medical witness will not be disturbed on appeal. *E.g., McHale v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 344, 425 A.2d 34 (1981); *Workmen's Compensation Appeal Board v. International Furnace Corp.,* 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975). In the instant case, the claimant points out that the employer's medical witness was not a specialist and had seen the claimant only twice. Those considerations, however, go to the weight of the testimony; which is a matter for the referee's determination.

The claimant's other contention in this case is that the employer had to prove there was work available for the claimant. That argument is without merit. When an employer petitions to terminate workmen's compensation disability benefits, the employer must prove that the disability has ceased, or that the disability has been reduced and there is work the claimant is capable of doing. *Container Corp. of America v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 367, 429 A.2d 1264 (1981); *Stegmaier Brewing Co. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 241, 412 A.2d 697 (1980). Since, in the instant case, the employer

proved that the claimant's disability had ceased altogether, the employer did not have to prove there was work the claimant could do.

For the reasons set forth in this opinion, the order of the Board is affirmed.

ORDER

AND Now, the 4th day of January, 1983, the order of the Workmen's Compensation Appeal Board at Decision No. A-80139 is affirmed.