518 A.2d 335

Mathies Coal Company, Petitioner *v.* Workmen's Compensation Appeal Board (Bellicini), Respondents.

Submitted on briefs October 7, 1986, to Judges MacPhail, Colins and Palladino, sitting as a panel of three.

*David N. Rutt, Ceisler/Richman Law Firm,* for petitioner.

*Ada Guyton,* for respondent, Leo Bellicini.

Opinion by Judge Colins, December 3, 1986:

This is an appeal by Mathies Coal Company (petitioner) from an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) affirming a referee's determination that Leo Bellicini (claimant) was disabled due to coal worker's pneumoconiosis and, thus, entitled to disability benefits.

Claimant worked in the coal mines from 1938 until his retirement in 1982, spending his last thirty-one (31) years in the employ of petitioner. Claimant retired from his job as a bratticeman in the mines on January 4, 1982, claiming that he was unable to work due to shortness of breath and general fatigue.

Claimant filed a claim petition pursuant to Section 108 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1208, and Section 301(c)(2) of the Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §411, alleging disability as of July 5, 1983, from anthracosilicosis and/or coal worker's pneumoconiosis. A hearing was held before a referee; at which time, testimony was presented and exhibits taken into evidence. At the hearing, the focus of the testimony was upon whether or not claimant was suffering from one of the alleged disabilities.

On the issue of whether or not the claimant was disabled, the referee chose to find credible the testimony of Richard R. Kletke, M.D., claimant's treating physician. The referee adopted as a finding of fact Dr. Kletke's statement that after conducting pulmonary function studies, he determined that claimant suffered scattered rales, moderate restrictive defect, and mild obstructive defect. The referee additionally adopted as a finding of fact Dr. Kletke's diagnosis that claimant suffered coal worker's pneumoconiosis and arteriosclerotic heart disease, the latter being asymptomatic. Dr. Kletke based his positive finding of pneumoconiosis on Dr. George A. Kunkel's interpretation of a June 13, 1983, x-ray of the claimant which showed pneumoconiosis having a value of 2/1.[1] Furthermore, on the central issue of

---

[1] Dr. Kletke read Dr. Kunkel's records (pneumoconiosis 2/1, q/p, six zones) as indicating that claimant suffered moderately severe, moderately profuse coal worker's pneumoconiosis in six zones.

disability, the referee adopted as a finding of fact Dr. Kletke's conclusion that claimant was totally and permanently disabled due to coal worker's pneumoconiosis.

On the basis of these pertinent findings, and in consideration of the fact that all the statutory requirements necessary for the recovery of benefits under the Act had been met, the referee awarded benefits. Thereafter, the Board affirmed the referee's determination. This appeal follows.

On appeal, petitioner takes issue with the referee's reliance upon the testimony of Dr. Kletke in awarding benefits. It is argued that Dr. Kletke's testimony is insufficient to support the referee's determination and that the great weight of the testimony mandates an opposite conclusion.

Our examination of the record indicates that it is indeed true that the other medical experts did not reach Dr. Kletke's conclusion as to disability from pneumoconiosis. We note, however, that Dr. Kletke's conclusion was, to some degree, supported by the testimony of Drs. Gabriel and Bhatt, who also found evidence of pulmonary dysfunction (*i.e.,* restrictive disease and respiratory insufficiency). Additionally, Dr. Kletke's conclusion drew support from the testimony of Dr. Kunkel regarding the aforementioned x-ray of June 13, 1983.[2] On the whole, however, the other medical experts did not go as far as Dr. Kletke. Instead, they opined that claimant did not suffer pneumoconiosis and, furthermore, that his ailments could more readily be considered heart-related.

We note, initially, that a workmen's compensation claimant has the burden of proving his right to compensation and all of the elements necessary to support an

---

[2] It should be noted that the referee found as credible these x-ray interpretations of Dr. Kunkel, a diagnostic radiologist.

award. *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board (Luketich)*, 92 Pa. Commonwealth Ct. 605, 500 A.2d 501 (1985). This Court's review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether a necessary finding of fact was unsupported by substantial evidence. *Lehman v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 381, 439 A.2d 1362 (1982).

In our reviewing capacity, we are required to review the whole record in a light most favorable to the party who prevailed below. *Container Corp. of America v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 367, 374, 429 A.2d 1264, 1268 (1981). In so doing, however, we are mindful not to judge the probative value of testimony, but to defer to the referee, even if, on the same record, we might reach different results. *Id.* at 373, 429 A.2d at 1267 *(citing American Chain & Cable Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 574, 391 A.2d 50 (1978)).

This Court recognizes that the referee has the critical factfinding role. He alone hears the testimony and observes the witnesses firsthand. In proceedings pertaining to benefits, therefore, it is for the referee to determine the credibility and weight of the evidence. In exercising that broad discretion, he may accept or reject the testimony of any witness in whole or in part. This includes the testimony of expert medical witnesses. It is also within the referee's domain to resolve any conflicts or equivocations in testimony and determine its relative merit. *Id.* at 372, 429 A.2d at 1267 *(citing Bowes v. Inter-Community Action, Inc.*, 49 Pa. Commonwealth Ct. 612, 411 A.2d 1279 (1980)).

Applying the foregoing principles to the facts of the instant case, we are compelled to reject petitioner's

arguments. There can be no doubt that the referee was acting well within his descretion in finding the testimony of Dr. Kletke to be more credible than the testimony of the other medical experts. This being true, the referee's determination, as affirmed by the Board, is supported by substantial evidence and must stand.

Petitioner, however, argues that this Court should make a more searching review of the "sufficiency" of the evidence upon which the referee's decision is based. In making this argment, petitioner requests that this Court overrule the seminal case of *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board (Krawczynski)*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

It was in *Universal Cyclops,* authored by Judge BLATT, that this Court established that its scope of review in workmen's compensation cases is limited to an examination of whether or not there exists substantial evidence to support the referee's decision. Petitioner takes issue with this case and its progeny, and argues that closer scrutiny of the evidence which had been before the referee would enable this Court to reach a different result.

Petitioner attempts to analogize this case with various federal court decisions and to make policy arguments in order to persuade this Court to reverse *Universal Cyclops*. We are not persuaded that these federal cases or policy arguments are applicable to workmen's compensation cases in general or to this case in particular. Furthermore, we note that although petitioner has cited some post *Universal Cyclops* decisions as favoring a look at the "sufficiency" of the evidence, we find that a close inspection of these cases does not reveal any contradiction with *Universal Cyclops. Univeral Cyclops* is still the law governing this Court's scope of review in workmen's compensation cases.

Accordingly, since there is substantial evidence in support of the referee's determination, that determination as affirmed by the Board, is likewise affirmed by this Court.

## ORDER

AND NOW, this 3rd day of December, 1986, the order of the Workmen's Compensation Appeal Board, No. A-88873, dated April 1, 1985, is affirmed.