531 A.2d 1189

Theodore Shubert, Petitioner *v.* Workmen's Compensation Appeal Board (C. M. American), Respondents.

Submitted on briefs April 16, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*J. Michael Doherty,* for respondent.

OPINION BY JUDGE COLINS, October 8, 1987:

Theodore Shubert (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board). which affirmed a referee's decision denying his claim for com-

pensation for a job-related mental disability, pursuant to Section 301(c) of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. §411.

The claimant had been employed by C. M. American Industries (employer) for twenty-three years when he was arrested and charged with the theft of the employer's property, namely, certain steel items described as binders or ratchets. Claimant at all times insisted that the materials he admittedly placed in the trunk of his car on the night in question were scrap items intended merely to weight down his car to improve traction on an icy evening. He contended he had followed this practice with the employer's approval for some twenty years during inclement weather.

Claimant, who had a history of psychiatric problems, became despondent over the accusation and criminal charges,[2] as well as the termination of his long-standing employment and concomitant loss of employee benefits. Upon consultation with a psychiatrist shortly after his arrest, claimant was diagnosed as markedly suicidal, and was hospitalized immediately; he remained under a psychiatrist's care for some time thereafter.

Claimant filed a petition for workmen's compensation, in which he alleged that his mental illness resulted from both the employer's conduct in directing that he be arrested at work and the humiliation he suffered upon the filing of criminal charges. Claimant's petition was denied by the referee who found that claimant failed to demonstrate misconduct on the part of the employer, a work-related injury, or disability due to a work injury. Upon the Board's affirmance of the referee's decision, claimant's appeal to this Court followed.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

[2] The criminal charges against claimant were dropped after the parties negotiated a settlement by which claimant was permitted to retain various employee benefits, including his pension.

Work-related mental or emotional disability is an injury as defined by Section 301(c) of the Act, *Allegheny Ludlum Steel Corp. v. Workmen's Compensation Appeal Board (Fisher)*, 91 Pa. Commonwealth Ct. 480, 498 A.2d 3 (1985), and may be compensable if such illness arises in the course of employment and is related thereto. *Evans v. Workmen's Compensation Appeal Board (Anchor Hocking Corp.)*, 87 Pa. Commonwealth Ct. 436, 487 A.2d 477 (1985). Where the causal connection between the injury and the employment is not obvious, unequivocal medical testimony is required to establish causation. *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern States Maintenance)*, 96 Pa. Commonwealth Ct. 613, 508 A.2d 624 (1986).

In an attempt to demonstrate the requisite causation, claimant proffered the deposition testimony of his treating psychiatrist, who therein opined that claimant's arrest at work and the subsequent criminal proceedings were related to his mental illness.

We do not doubt that claimant's arrest and the lengthy resolution of the criminal charges were indeed stressful. However, the suggestion that the consequence of an employee's criminal activity might constitute a psychic injury so as to warrant compensation under the Act stretches credulity. In this regard, the referee here pertinently found as follows:

8. The claimant tells that he merely took the items for the weight in helping drive his automobile upon a slippery surface. He states that the items were old, not new, and that he had permission to take them. Claimant's two witnesses support his statement that the items were junk or used rather than new.

9. Eugene D. Leagle, manufacturing manager for the employer, testified for the employer.

10. He testified that the items found in claimant's auto were new and ready for sale, that

the employer had been missing such items from its inventory stock, and that the claimant had not received permission to use them that night.

. . .

Upon indicating his careful review of the entire record, including the testimony of lay witnesses for both parties and the testimony of the claimant's medical witness, the referee found the employer's witness more credible and concluded that claimant had failed to meet his burden of proving the occurrence of a work-related injury. In workmen's compensation matters, the referee is the finder of fact and, within such province, determines the credibility and weight of the evidence. *Mathies Coal Company v. Workmen's Compensation Appeal Board (Bellicini)*, 102 Pa. Commonwealth Ct. 332, 518 A.2d 335 (1986). The referee here chose to credit the employer's witness who testified that the items removed from the trunk of claimant's car were "completed product[s] ready for sale." This Court cannot be persuaded by the testimony of the claimant and his co-worker that such items were merely scrap metal. We are bound to defer to the referee's conclusion even if, on the same record, we might reach a different result. *Id.*

Limited as we are by our scope of review,[3] we find that the testimony of the employer's representative constitutes substantial evidence in support of the referee's determination that claimant failed to demonstrate misconduct on the part of the employer, a work-related injury, or disability due to a work injury.

---

[3] Our scope of review encompasses a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact were supported by substantial evidence. *Kear v. Workmen's Compensation Appeal Board (Fairman Drilling Co.)*, 102 Pa. Commonwealth Ct. 193, 517 A.2d 586 (1986).

Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

ORDER

AND NOW, October 8, 1987, the order of the Workmen's Compensation Appeal. Board in the above-captioned matter is affirmed.