### OTIS ELEVATOR COMPANY, Petitioner,

v.

### WORKMEN'S COMPENSATION APPEAL BOARD (HARDING), Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1994.

Decided Dec. 14, 1994.

---

William V. Coleman, for petitioner.

Joseph F. Mulcahay, Jr., for respondent.

Before McGINLEY and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

McGINLEY, Judge.

Otis Elevator Company (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) that affirmed a referee's decision granting Steven M. Harding (Claimant) total disability benefits for a psychiatric injury.

Claimant was employed as an elevator mechanic by Employer until his layoff on April 20, 1990. On March 8, 1990, Claimant was temporarily assigned to the Core States Building where he was in charge of the maintenance of the building's twenty elevators. At about 1:00 P.M. Claimant received a call that an elevator was stuck on the fifteenth floor. Claimant was able to move the elevator to the bottom floor where he placed the elevator on "independent service." Claimant then attempted to enter the elevator shaft on the next floor when he heard the elevator begin to move. Claimant was informed that a security guard turned off the "independent service" switch and that the elevator doors closed and the security guard was dragged from the basement to the first floor. The security guard was pronounced dead at the scene. After the accident, Claimant was assigned to a construction job where he continued to work until his layoff on April 20, 1990.

On November 15, 1990, Claimant filed a claim petition for workers' compensation benefits alleging that he suffered a work-related injury in the nature of "serious emotional anxiety and depression" as a result of the fatal accident on March 8, 1990. Claim Petition, November 15, 1990, at 1. Employer and its insurer, Insurance Company of North America, denied all of Claimant's allegations.

In support of the claim petition Claimant stated at hearing that he is unable to perform his duties as an elevator operator because "I just can't really work around that kind of machinery anymore ... I don't want to see anything happen ever again like that." Notes of Testimony, April 23, 1991, at 26; Reproduced Record (R.R.) at 28a. Claimant also introduced the deposition of Herman D. Staples, M.D. (Dr. Staples), board-certified in psychiatry and child psychiatry. Dr. Staples stated that he examined Claimant on November 15, 1990, and obtained an occupational history. Dr. Staples stated that Claimant suffers from posttraumatic stress disorder and that "[t]here's no doubt in my mind that the cause was the incident on March the 8th, 1990, the elevator accident." Deposition of Dr. Herman D. Staples (Dr. Staples Deposition), April 4, 1991, at 11; R.R. at 222a. Dr. Staples opined that Claimant is precluded

from returning to any type of employment especially jobs involving elevators, escalators and other types of moving machinery.

Claimant also presented the deposition of John G. Deikis, Ph.D. (Dr. Deikis), licensed in psychology. Dr. Deikis first examined Claimant on April 17, 1990 [1], and found that Claimant suffers from "posttraumatic stress disorder as a result of the accident and one of the hallmarks of posttraumatic stress disorder is avoidance of reminders of the traumatic situation and avoidance of something like discussing it would be expected." Deposition of Dr. John G. Deikis (Dr. Deikis Deposition), May 2, 1991, at 6; R.R. at 131a. Dr. Deikis opined that Claimant is presently unable to return to his former position.

Employer introduced the deposition of Harold Byron, M.D. (Dr. Byron), board-certified in psychiatry. Dr. Byron stated that he examined Claimant on January 4, 1991, and obtained an occupational history. Dr. Byron stated that Claimant "has experienced emotional symptoms as a result of this experience and that this anxiety and depression . . . meets the diagnostic criteria of . . . Posttraumatic Stress Disorder." Deposition of Dr. Harold Byron (Dr. Byron Deposition), October 23, 1991, at 22–23; R.R. at 180–81a. Dr. Byron opined that "I don't believe he's unable to work as a result of his psychiatric symptoms, although a tendency to withdraw and avoid outside contact is a part of the illness." Dr. Byron Deposition at 28; R.R. at 186a.

Employer also presented the testimony of Raymond J. Kidder (Kidder), maintenance supervisor, Charles G. Kritz (Kritz), maintenance supervisor, Thomas J. Sleys (Sleys), manager, Theodore DeRitis (DeRitis), construction foreman, and Robert C. Meyer (Meyer), construction supervisor. Kidder, Kritz and Sleys testified that Claimant was advised of Employer's medical assistance program and that Claimant was encouraged to attend. DeRitis testified that although Claimant had "some bad moments" he was able to perform his time of accident duties.

Notes of Testimony, April 30, 1992, at 23; R.R. at 86a. Finally, Meyer testified that Claimant was "laid off" because of a lack of work.

The referee found that "Claimant suffered post traumatic [sic] stress disorder which has rendered him unable to perform the duties of his former employment with the Defendant from April 20, 1990 into the future." Referee's Decision, September 17, 1992, Finding of Fact No. 12. The referee concluded that "the incident of March 8, 1990 was an unusual working condition...." Referee's Decision, Conclusion of Law No. 3. The Board affirmed the referee's decision, concluding that there was substantial evidence to support a finding that Claimant's "mental injury" was caused by "an unusual working condition." Board's Decision, February 16, 1994, at 3.

On appeal Employer contends: 1) that the referee erred by precluding Employer from presenting live medical testimony; 2) that the referee's finding that Claimant is unable to work is not supported by substantial evidence; and 3) that Claimant is not entitled to compensation benefits because of his alleged failure to accept reasonable medical treatment.[2] Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed and whether necessary findings are supported by substantial evidence. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990).

Initially, Employer contends that Dr. Byron's live testimony before the referee was crucial for the referee to properly make any credibility determinations because Claimant's injury was not obvious or undisputed. Employer asserts that neither the Act nor 34 Pa.Code §§ 131.1–131.122 (Special Rules Before Referees) preclude a party from presenting live medical testimony before the

---

1. Dr. Deikis saw Claimant on eight different occasions and spoke to him on the telephone on two other occasions when Claimant failed to show up for his scheduled appointment.

2. This Court has foregone the sequence of Employer's arguments.

referee and that the Act, in fact, expresses a preference for such a practice.

Section 422 of The Pennsylvania Workmen's Compensation Act (Act),[3] 77 P.S. § 835 provides that "[i]f any party or witness resides outside of the Commonwealth, or through illness or other cause is unable to testify before the board or the referee, his or her testimony or deposition may be taken ... in such form as the department may ... prescribe." 34 Pa.Code § 131.62(a) also provides that "[t]he oral deposition of a witness ... may be taken and, if taken, may be used only as evidence at hearings."

In *Container Corporation of America v. Workmen's Compensation Appeal Board,* 59 Pa.Commonwealth Ct. 367, 429 A.2d 1264 (1981) this Court stated:

> In a workmen's compensation case, the referee has a critical fact finding role; he alone *hears the testimony and observes the witnesses first hand.* In proceedings pertaining to benefits, therefore, it is for the referee to determine the credibility and weight of the evidence. In exercising that broad discretion, he may accept or reject the testimony of any witness in whole or in part. This includes *the testimony of expert medical witnesses.* It is also within the referee's domain to resolve any conflicts or equivocations in testimony and determine its relative merit. (emphasis added).

*Id.* at 372, 429 A.2d at 1267. *See Aluminum Company of America v. Workmen's Compensation Appeal Board,* 33 Pa.Commonwealth Ct. 33, 380 A.2d 941 (1977) (the determination of a witness's credibility lies within the province of the referee because he has heard the witness's testimony and observed his demeanor).

■ In the present controversy, the referee denied Employer's request to present live

medical testimony, stating that "[t]he admissibility of oral depositions is clearly shown in Section 131.66(a) [admissibility of oral depositions]" and that "[t]his referee has not and will not allow parties in a proceeding to delay the process unnecessarily." Letter from Referee Joseph A. Stokes, April 16, 1991, to all parties; R.R. at 263a. The evidence indicates that Dr. Byron was available and willing to testify before the referee, and there was no reason to opt for deposition testimony.[4] Because such a denial is uncalled for, it is our conclusion that this referee's denial of Employer's request is reversible error. Clearly, the demeanor of a witness, even an expert witness such as a physician, may sway the factfinder.

Accordingly, we vacate the decision of the Board and remand the present matter so that Employer can present Dr. Byron's live testimony before the referee.[5]

### ORDER

AND NOW, this 14th day of December, 1994, the order of the Workmen's Compensation Appeal Board at No. 92–2600, dated February 16, 1994, is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.

---

**3.** Act of June 2, 1915, P.L. 736, *as amended.*

**4.** A proper cause for accepting the medical expert's deposition pursuant to Section 422 of the Act is to avoid the physician having to take time from his busy schedule to appear in person. *See Pasquarella v. Workmen's Compensation Appeal Board (Bechtel P.C.),* 97 Pa.Commonwealth Ct. 307, 509 A.2d 933 (1986). *See also Johnson v. Workmen's Compensation Appeal Board,* 14

Pa.Commonwealth Ct. 220, 321 A.2d 728 (1974) (Section 422 does not require the appearance of the treating physician where the parties have stipulated to the admissibility of the medical reports).

**5.** Because of our resolution of Employer's first issue, we do not reach the merits of the remaining issues.