Robert J. Rosenfelt, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Regal Corrugated Box Co., Inc., Respondents.

Argued March 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Ronald H. Beifeld,* for petitioner.

*Martin J. Fallon, Jr.,* with him *Swartz, Campbell & Detweiler,* for respondent.

OPINION BY JUDGE CRUMLISH, JR., July 2, 1979:

Robert J. Rosenfelt appeals a decision of the Workmen's Compensation Appeal Board affirming the referee's denial of compensation. We affirm.

Rosenfelt, a die cut stripper working at his job, lost his eye when he was struck by a hammer handled by a co-worker, Isaia Ogeda. The referee found the injury to be the result of personal animosity outside the coverage of Section 301(c) of the Act[1] and dismissed the compensation claim.

The question on review is whether the referee's finding is supported by substantive evidence.

Rosenfelt, throughout the hearing, maintained that the striking was accidental occurring in the course of his work assignment. The employer insisted that the injury was intentionally inflicted and arose from the personal animosities of the combatants. Employer offered to the referee Rosenfelt's sworn testimony in which he charged his co-worker, Ogeda, with criminal

---

[1] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411, which states in pertinent part:

(1) . . . The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; . . . .

assault resulting from an argument,[2] as well as Rosenfelt's hospital statements wherein he admitted he was injured in a fight. Also introduced were statements to police investigators by fellow workers, the assailant and Rosenfelt, which indicate that the blow was intentional and the result of personal hostility rather than work related.[3] Circumstantial evidence was introduced tending to impeach Rosenfelt's credibility. Resolution of conflicting testimony on the issue of motive for inflicting injury on another is for the fact finder, the referee. *Repco Products Corp. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 554, 379 A.2d 1089 (1977). Conflicting testimony may be rejected in whole or in part. *Repco Products, supra.* The reviewing court may not disturb findings of fact if supported by substantial evidence which a reasonable person might accept as adequate to support the referee's conclusions even though evidence to the contrary was heard. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

The referee in this claim chose to believe the employer's testimony whatever may have been his reason. The evidence was competent and is sufficient to support the referee's findings.

Accordingly, we

ORDER

AND Now, this 2nd day of July, 1979, the order of the Workmen's Compensation Appeal Board dated March 30, 1978, is affirmed and Petitioner's claim for benefits dismissed.

---

[2] Ogeda was later convicted because of Rosenfelt's testimony and placed on probation.

[3] Statements were admissible under the res gestae and admissions exceptions to the hearsay rule. The question of admissibility is not raised on appeal.