Colt Industries, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Richard Mahoney, Respondents.

Argued September 14, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Leonard P. Kane, Jr., Fried, Kane, Walters & Zuschlag,* for petitioner.

*Patrick F. McArdle, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Richard Mahoney.

OPINION BY JUDGE MENCER, November 24, 1981:
This is an appeal by Colt Industries, Crucible Steel Company (employer) from an order of the Workmen's

Compensation Appeal Board which affirmed a referee's decision that Richard Mahoney (claimant) was eligible to receive compensation under Section 108(n)[1] of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(n), and Section 301(c)(2)[2] of the Act, 77 P.S. §411(2), because he was disabled by an occupational disease. We affirm.

The claimant worked for the employer for almost 35 years. From approximately 1941 to 1943, he was

---

[1] Section 108(n) provides:

The term 'occupational disease,' as used in this act, shall mean only the following diseases.

. . . .

(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

[2] Section 301(c)(2) provides:

(2) The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act [77 P.S. §27.1]: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable. The provisions of this paragraph (2) shall apply only with respect to the disability or death of an employe which results in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973 in employment covered by The Pennsylvania Workmen's Compensation Act. [77 P.S. §1 et seq.]

employed as a laborer. He worked as a fireman on a steam locomotive in the employer's transit department from 1943 to 1951. From 1951 to May 9, 1976, the claimant worked as a motor inspector in the hot strip mill and transit department and in the conditioning department. As a motor inspector, the claimant would alternate working one week in the hot strip mill and transit department and then one week in the conditioning department.

On November 15, 1976, the claimant filed a claim petition under the Act, alleging that he had become totally disabled from an occupational disease contracted in the course of his employment.

The referee found in favor of the claimant and awarded him workmen's compensation benefits for total disability on April 20, 1978. The Board, on December 15, 1978, vacated the referee's decision and remanded the case to allow the claimant an opportunity to present additional evidence sufficient to meet the causation standard enunciated in *Consolidated Coal Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978). Following the introduction of additional medical testimony, the referee, on June 29, 1979, once again found in favor of the claimant and ordered an award of workmen's compensation benefits to him. That decision was affirmed by the Board on September 11, 1980. This appeal followed.

On appeal, the employer contends that there is not substantial evidence in the record to support the referee's findings that (1) the claimant was exposed to an occupational hazard during the tenure of his employment and (2) the claimant's present disability resulted from an occupational disease sustained in the course of his employment. We reject both contentions.

The term "substantial evidence" has been frequently defined by this Court. *See Millcraft Corp. v.*

*Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 322, 376 A.2d (1977). If the findings of fact of a workmen's compensation referee are based upon substantial evidence, the reveiwing court may not disturb them, even though evidence to the contrary was introduced. *Rosenfelt v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 646, 402 A.2d 1151 (1979). Testimony in the record constitutes substantial evidence that the claimant was exposed to an occupational hazard in the course of his employment.

The claimant testified that for one week in 1942 he was exposed to dust from refractory bricks while removing the lining of a blast furnace. He testified that, while working as a fireman, he was exposed to some dust whenever he "cleaned his locomotive coal fire." The claimant further testified that, while working as a motor inspector in the conditioning department every other week for 25 years, he was exposed to and inhaled dust created by grinding machines and scarfing torches used to remove the impurities in steel slabs. The record reveals that the claimant was very close to both the grinding and scarfing operations whenever an electrical breakdown occurred, when installing new electrical equipment, and when regularly required to "blow out" motors.

The claimant's testimony was corroborated by a co-employee, Mr. William Davis, who described the dusty atmospheric conditions which prevailed in the conditioning department when the grinding machines were being operated. Moreover, the referee twice toured the claimant's work place for the purpose of evalua-ating the credibility of the lay witnesses. Finally, the claimant's medical expert, Dr. Jerry D. Silverman, testified that the claimant suffered from mixed dust pneumoconiosis and pulmonary emphysema caused by his exposure to silica and other noxious dusts while

working for the employer in his several capacities. The doctor further opined that evidence of mixed dust pneumoconiosis and pulmonary emphysema is substantially greater among individuals who work where grinding or scarfing operations are conducted than among the general population.

The employer submits that the nature of the claimant's work as a motor inspector did not place him in the proximity of an occupational hazard for any appreciable time, particularly since he wore a respirator whenever he was required to "blow out" motors. It is not, however, within the province of this Court to judge the probative value of testimony introduced before a workmen's compensation referee. *American Chain & Cable Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 574, 391 A.2d 50 (1978).

The testimony of Dr. Silverman, previously recounted, also constitutes substantial evidence to support the finding that the claimant's pulmonary disability was caused by an occupational disease sustained in the course of his employment. The employer contends that Dr. Silverman's testimony is neither sufficiently competent nor substantial to establish a direct causal connection between the claimant's work and his lung pathology and disability. The doctor's unequivocal testimony, however, clearly satisfies the requirements of *Consolidated Coal Co.* and Section 108(n) of the Act.

The employer's medical expert disagreed with Dr. Silverman's diagnosis and testified that, although the claimant did have a respiratory ailment, it was caused by his long history of cigarette smoking. In a workmen's compensaion case, however, findings of medical causation are for the compensation authorities to make; the rejection by the referee of the testimony of a medical expert in favor of the conclusions of another

588

medical expert is not a basis for reversal. *Colt Industries v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 354, 414 A.2d 439 (1980).

We therefore enter the following

ORDER

AND Now, this 24th day of November, 1981, the order of the Workmen's Compensation Appeal Board, dated September 11, 1980, awarding workmen's compensation benefits to Richard Mahoney, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Richard Mahoney and against Colt Industries, Crucible Steel Company, in the amount of $187 per week, beginning August 5, 1976 and continuing until such time as disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on all deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, Colt Industries, Crucible Steel Company, is directed to reimburse claimant, through his counsel, for the following reasonable costs:

Dr. J. D. Silverman

| | |
|---|---|
| Examination and Tests | $205.00 |
| Appearance and Testimony | 125.00 |

Adelman Reporters

| | |
|---|---|
| Dr. Silverman's Deposition | 66.80 |

Memory L. Shank, Reporter

| | |
|---|---|
| Dr. C. Vaughn Strimlan's Deposition | 25.20 |

Dr. J. D. Silverman

| | |
|---|---|
| Appearance and Testimony 5/16/79 | 150.00 |

Adelman Reporters

| | |
|---|---|
| Dr. Silverman's Deposition 5/16/79 | 39.75 |

Colt Industries, Crucible Steel Company, is further directed to take subrogation in the amount of $2,972.73, which was the amount of sick and accident benefits

paid to claimant during the period from May 17, 1976 through November 30, 1976.

Attorney's fee, in the amount of $4,862, shall be deducted from the deferred compensation due claimant and forwarded, together with the aforementioned costs, directly to Patrick F. McArdle, Esquire, 1100 Law and Finance Building, Pittsburgh, Pennsylvania 15219.